James Gr. Wallace, J.
This is an appEcation by the defendant Vincent J. Lyons for a writ of error coram nolis to review and vacate a judgment of this court (Wallace, J.), rendered June 3,1943, after his plea of guilty, while on trial, to the crime of murder in the second degree (Penal Law, §§ 1046, 1048), which sentenced him to serve a term of 30 years to life in State prison. The defendant is now in State prison in Attica serving this term.
The defendant was indicted jointly with WiEiam J. Febles, Alhendro Ennis, and Joseph Greoghegan on December 23, 1942, *607 charged with the crime of murder in the first degree. The indictment alleged that on December 6, 1942, they willfully and of malice aforethought struck and killed one Sue Wong Jee with a knife. While this was a common-law form of indictment, the defendants were indicted on the theory that this killing took place during the commission of the underlying felony of robbery.
This defendant pleaded not guilty on December 31, 1942. On December 30,1942,1 appointed as his counsel, he being indigent, Paul O’Dwyer, Ésq., Joab H. Banton, Esq., and Charles Pilatsky, Esq. On December 31, Mr. Banton having requested to be relieved of the assignment, I appointed in his place and stead Nicholas Pécora. So that the defendant was represented in this case by lawyers of ability and experience, including Charles Pilatsky, who had served for many years as an Assistant District Attorney of New York County. He is now dead.
The defendant Geoghegan pleaded guilty to murder in the second degree on April 29, 1943, before me. When the District Attorney moved the case against the other defendants on May 3, 1943, in Part IV of the Court of General Sessions, before me (Wallace, J.) and a special jury, the defendant Ennis, in the absence of the jury, entered a plea of guilty of murder in the second degree. On May 5, 1943, the two remaining defendants, Febles and Lyons, pleaded guilty to the crime of murder in the second degree after the jury was impaneled and the case moved for trial. Lyons and Febles were the two defendants who actually assaulted and were responsible for the death of the victim in this brutal felony murder.
This present application, made by the defendant on or about November 26, 1951, seeks to set aside the judgment of conviction upon the grounds that the defendant’s counsel, appointed by the court, failed to apprise him fully of a line of defense that would have been available to him upon a trial of the indictment, and that, in any event, his plea of guilty under the indictment charging murder in the first degree was void because of constitutional and statutory provisions allegedly prohibiting the entry of a plea of guilty where the crime charged is punishable by death. Neither of these claims has any merit whatsoever.
The defendant probably relies chiefly on his claim that his counsel failed to advise him that a confession obtained by duress would be inadmissible. He claims that had he been aware of the rule of evidence that excludes confessions obtained by duress he would have stood trial instead of pleading guilty to a lesser crime. There is no riierit whatever to this contention. It is a palpable afterthought. It is apparent that even if the defend *608 ant’s claim were true, it would not establish that his conviction was obtained through any violation of his rights. Apparently it is intended as criticism of the services rendered to him by his counsel. Such criticism is not and should never be a ground for the issuance of a writ of error coram nobis. Thus, the Appellate Division, reaching the same result as had been reached in similar cases in other States, as well as in the County Court of Queens County, recently affirmed the refusal of this court (Goldstein, J.) to grant a coram nobis hearing in a case where the defendant claimed that his plea of guilty had been induced by his counsel misinforming him about the sentence he would receive (People v. Turman, 279 App. Div. 983 [1st Dept., 1952], without opinion, motion for leave to appeal denied 280 App. Div. 916; People v. Stryzewski, 19 Misc 2d 598 [1951] ; Putnam v. People, 408 Ill. 582 [1951]; see People v. Kirk, 98 Cal. App. 2d 687; People v. Odlum, 91 Cal. App. 2d 761; cf. Alred .v. United States, 179 F. 2d 193 [C. C. A. 4th 1949]; plea of guilty; claim that counsel did not properly represent defendant; Crowe v. United States, 175 F. 2d 799, 801 [C. C. A. 4th 1949]; plea of guilty; claim that defendant was tricked by one of three appointed counsel; Matter of Gammon, 255 Ala. 502 [1951]; claim of bad faith on part of trial counsel; Snell v. State, 158 Fla. 431, cert, denied 331 U. S. 830 [1947]; claim that trial counsel did not properly represent defendant).
In this case, not only the defendant Lyons, but each of the defendants had the benefit of competent assigned counsel, and each of the defendants had among his counsel an experienced former Assistant District Attorney, among whom were Harold W. Hastings, Newman Levy, Frederick J. Sullivan, and John T. Hogan, iu addition to Charles Pilatsky, who was one of the three counsel I assigned to represent the defendant Lyons. Had the defendant at the time his case was on trial made any claim to his counsel that a confession had been secured from him by duress, it is inconceivable that he would not have been informed that he had a right to test out the admissibility of any such confession on the trial, if, indeed, his experience had not already made that fact known to him. He did not grow up in a vacuum.
The defendant’s claim that his pleading guilty to murder in the second degree under an indictment charging murder in the first degree because such a plea was proscribed by law is so much poppycock. He contends that section 2 of article I of the New York State Constitution, which forbids the waiving of a jury trial in capital cases, also forbade the entry of his plea of guilty to a lesser crime, because the crime charged against him *609 in the indictment was a capital one. Of course, this is arrant nonsense.
The entry of a plea of guilty does not constitute a waiver of a jury trial in the sense in which that term is used in the Constitution (People v. La Barbera, 274 N. Y. 339 [1937]). Nor does section 332 of the Code of Criminal Procedure, which forbids conviction upon a plea of guilty where the charge is a capital one, have any applicability in this case. The defendant did not plead guilty to a capital crime, and the law does not preclude the entry of a plea of guilty, and a conviction thereon, of a noncapital crime under an indictment charging a capital crime (People v. Smith, 78 Hun 179 [1894]).
The defendant’s motion for a writ of error coram nobis is denied in all respects.
The District Attorney is directed to enter an order in conformance with the decision herein rendered and to forward a certified copy of said order to the defendant in State prison, and to his attorney.