In the Matter of THOMAS CAMPBELL, Petitioner, against FRANCIS W. H. ADAMS, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, Queens County, July 6, 1954.

*C. Frank Ortloff* for petitioner.

*Adrian P. Burke, Corporation Counsel (Beatrice Dunn* of counsel), for respondent.

PETTE, J. Petitioner seeks an order, pursuant to article 78 of the Civil Practice Act, directing the return by the police commissioner of the City of New York of petitioner's fingerprints and photographs, and their duplicates, which were prepared in connection with the arrest of the petitioner on a charge of burglary in 1947, when he was sixteen years of age. This charge of burglary was dismissed by the Magistrate presiding in the Adolescent Court. Thereafter a complaint was filed in said court to have petitioner adjudicated a wayward minor. In said latter proceeding, petitioner was placed on probation for two years.

Seven years later, in 1954, petitioner, now twenty-three years of age, having since served his country in its armed forces in actual combat, applied for a position in an industry, which, for security reasons, requires fingerprints of all job applicants. He was denied employment because investigation in a criminal identification bureau indicated his fingerprints to be those of a person of criminal background. Respondent police commissioner refused the return of the fingerprints and photographs taken of petitioner.

Section 516 of the Penal Law, which deals generally with the return of fingerprints and photographs, provides as follows: '' Upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this state of a crime or of the offense of disorderly conduct or of being a vagrant or disorderly person * * * , every photograph of such person and photographic plate or proof and fingerprints taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer or any member of any police department, and all duplicates and copies thereof shall be returned on demand to such person by the police officer, peace officer or member of any police department having any such photograph, photographic plate or proof, copy or duplicate in his possession or under his control; and such police officer, peace officer or member of any police department failing to comply with the requirements hereof, shall be guilty of a misdemeanor ''.

It appears from the preceding provision that at the moment of dismissal, the petitioner was entitled to '' demand '' the return of his fingerprints and photographs taken '' while such action or proceeding is pending ''. The police commissioner rejected that demand. In the analogous case of *Matter of Troilo* v. *Valentine* (179 Misc. 954), the petitioner had been acquitted of violating section 1897 of the Penal Law. Then pending against him also were two criminal actions for which offenses they involved there was no authorization to fingerprint. Of both of the latter he was convicted.

In a proceeding such as the instant one, the court ordered that the fingerprints and photographs of him be returned, despite the convictions, holding (p. 955): '' * * * it seems reasonable that if a man has been arrested for two offenses, for both of which he may be fingerprinted, he should not have the fingerprints returned because he was acquitted of one even though

convicted of the other. In fact, however, the offenses a conviction of which prevents return are not the same as those an arrest for which authorizes photographing and fingerprinting (compare Code Crim. Pro., § 940, with Penal Law, § 516), and there seems little reason for saying that because a man was convicted of an offense which did not authorize fingerprinting he cannot get back fingerprints taken upon his arrest for another offense of which he was acquitted.''

If such is the rule where one is accused of multiple crimes, how much more rational is its application to a situation where one is accused of a crime (the complaint for which is dismissed), and thereafter adjudicated (not convicted) of a status (not a crime) of waywardness!

The determinative fact in any of these cases — and in the instant one — is that the dismissal of a charge in conjunction with which prints and photographs have been taken, *ipso facto*, entitles the accused to a return of those records.

The Legislature has made this a uniform procedure in related statutes, as for example, under section 552-a of the Code of Criminal Procedure, if one is admitted to bail and fingerprints have been taken of him as a condition to bail, '' upon * * * dismissal of the charge '' and '' on demand '' those prints must be returned; and again, under section 622 of the Correction Law, where a person is in custody of the Department of Correction, and the criminal action against him terminates in his favor, his fingerprints and photographs are likewise, on demand, to be returned.

Respondent's position of retaining the fingerprints and photographs is untenable in law, since it is a matter of record that the burglary complaint was dismissed, and the retained prints and photographs were taken in conjunction with that charge. The complaint against petitioner as a wayward minor was distinct from that of burglary.

Title VII-A of the Code of Criminal Procedure is the sole and only statute relating to wayward minors, and any possible refusal by the respondent must be founded on that statute. The law makes no provision for taking fingerprints and photographs of a wayward minor. It is facetious to suggest, that they cannot be returned because the law makes no provision for their return. Prints and photographs may be taken only of one charged with a felony and certain misdemeanors (Code Crim. Pro., § 940). Since waywardness is not a crime, it is not specified in the aforesaid section. For what there is no license to take, it follows that there is no authority to retain. Fingerprints are taken

solely for the purpose of identifying criminals; a wayward minor, accused or adjudicated as such, is not a criminal. "Waywardness" is a condition and not a crime. That a wayward minor be regarded as a criminal was the very thing the enactment of section 913-a of the Code of Criminal Procedure was intended to avoid. This interpretation finds support in New York Legislative Document No. 55 (1942) entitled "Young People in the Courts of New York State". That report, *inter alia*, says:

"This statute, carried forward from earlier laws, places the emphasis upon condition rather than offense, and permits adjudication of a status rather than conviction for an offense. The adolescent who requires some supervision by the court is thus freed from the stigma of conviction for a crime. (P. 106.)

"If at the completion of what the court thinks should be the length of his probation term, the youth responds well, he is discharged from probation and thus finds himself free from any criminal record." (P. 134.)

To much the same effect is the opinion of the Attorney-General (1937, p. 293–294):

"A criminal offense need not be a 'crime' as such is defined and known to the law. A criminal offense is an anti-social act of a lesser degree that is proscribed by law and for whose violation penalties or confinement may be imposed. The acts set forth in section 913-a of the Code of Criminal Procedure are clearly within this category."

"Waywardness is not a crime, to be punished, but a moral delinquency, to be corrected in the interest of the minor and of the State." (*People ex rel. Peltz* v. *Brewster,* 232 App. Div. 1, 4–5, affd. 256 N. Y. 558.)

In *People ex rel. Deordio* v. *Palmer* (230 App. Div. 397, 399, 400), the court observed: "The law is not only zealous in the protection of the civil rights of infants but has a special regard for the moral care, training and guidance of children. It has, therefore, made specific provision for 'Proceedings Respecting Wayward Minors,' to quote the heading of title VII-A of part VI of the Code of Criminal Procedure". * * * "Under the law as I have quoted it, a wayward minor is not a criminal but is one who is 'wilfully disobedient to the reasonable and lawful commands of parent, guardian or other custodian * * *.' (Code Crim. Pro., § 913-a.)"

Petitioner's application be, and the same hereby is, granted in all respects. Submit order on notice.