Hyman Babshay, J.
This is an application in the nature of a writ of error coram nobis to vacate a judgment dated May 11, 1936 which convicted the defendant, after trial, of murder in the first degree and sentenced him to execution. On January 6, 1937 after the Court of Appeals affirmed the judgment of conviction (272 N. Y. 602), Governor Lehman granted commutation of his sentence to life imprisonment. The petitioner is presently incarcerated pursuant to said commutation.
In support of his petition for the relief sought, the defendant alleges that during the trial, the jury, after retiring to deliberate, returned to the courtroom on several occasions, and by direction of the court, pursuant to the jury’s request, had certain testimony read to them at a time when the defendant’s counsel was present but the defendant was absent. This, the defendant contends, is in violation of the rights accorded a defendant by sections 356 and 427 of the Code of Criminal Procedure, and by section 6 of article I of the State Constitution, and the Fourteenth Amendment of the Federal Constitution. The record reveals the correctness of the defendant’s factual allegations. The point urged was not raised on appeal from the judgment of conviction.
This motion must be denied on the authority of People v. Shapiro (3 N Y 2d 203) which held that an error of this kind can be challenged by an appeal from the judgment, but not by coram nobis.
In that case, the jury received information from the court in the absence of the defendant and his counsel. The court said (pp. 205-206): “ Although the procedure reflected by the record is in violation of section 427 of the Code of Criminal Procedure, the grounds urged on this motion are not within the ambit of the reasons for the rule authorizing the writ of error coram nobis as an extraordinary remedy to correct errors, frauds, and constitutional violations on the record or outside of the record. Heretofore we have limited the use of the writ of error coram nobis to errors of fact not apparent on the face of the record *486 (Matter of Hogan v. Court of Gen. Sessions, 296 N. Y. 1, 6; People v. Sadness, 300 N. Y. 69, 74; People v. Kendrick, 300 N. Y. 544) except denials of right to counsel appearing on the face of the record where no appeal was taken (see People v. Richetti, 302 N. Y. 290; Matter of Bojinoff v. People, 299 N. Y. 145). But, in People v. Silverman (3 N Y 2d 200, decided today), we held that that particular judicial interference with the right to counsel guaranteed to defendant by law warranted, under those exceptional circumstances, the invocation of the writ of error coram nobis in a case where appeals have been taken. However, it is always important to remember that this court decides cases and that facts and circumstances differ in each case. In the Silverman case, the alleged lack of representation of counsel stemmed from the peremptory assignment of counsel over the defendant’s objections and the denial of the application for an adjournment to enable the counsel of defendant’s own choosing to prepare for trial. Inherent in the nature of the relationships of assigned counsel to the court, to the defendant and to the case, was a possible inhibition upon the freedom of action of assigned counsel sufficient, if proved, to amount to a denial of the right of a defendant to an unfettered selection of counsel and opportunity to prepare for trial. Here, however, the defendant’s attorneys, alerted by the errors apparent on the face of the record, were entirely free to move for a new trial or assign the failure to observe the requirements of section 427 of the Code of Criminal Procedure as an error on the appeal. Such a procedural error may not now be asserted as a basis for coram nobis. The writ of error coram nobis may not be used as a vehicle for an additional appeal or a belated •motion for a new trial which, although available to the defendant after verdict (Code Crim. Pro., § 465), was not made.”
The application is, therefore, denied. Submit order.