Hyman Barshay, J.
The movant, and Melvin Johnson, were indicted for the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree in one indictment, and for assault in the first and second degrees in another indictment. Each defendant pleaded guilty to robbery in the first degree under the former indictment and to assault in the second degree under the latter indictment with the stipulation that in the event either should prove to be a second felony offender, the District Attorney would consent to the withdrawal of the plea to robbery in the first degree and accept a plea of guilty to robbery in the second degree. Thereafter, only the defendant, Johnson, was adjudged a second felony offender and the agreement made with him was fully kept. On September 7, 1955, each defendant was sentenced to a term of not less than 15 nor more than 30 years under indictment number 1052/1955, and to a term of 5 to 10 years under indictment number 1198/1955, both sentences to run concurrently.
He now seeks to vacate and set aside his judgment of conviction on the ground that the District Attorney failed to file the plea statement as required by section 342-a of the Code of Criminal Procedure with respect to the codefendant, Melvin Johnson. This failure to comply with that section with respect to Johnson could not possibly affect this defendant’s status. This motion will be treated as an application in the nature of a writ of error coram nobis.
*286 In People v. D’Aula (1 N T 2d 779), the court, over the objection of the District Attorney, permitted the defendant to plead guilty to a lesser degree of the crime charged in the indictment. The District Attorney did not file a statement pursuant to the requirement of section 342-a of the Code of Criminal Procedure. He moved to vacate the judgment of conviction on that ground. The Court of Appeals affirmed an order denying his application to set aside the judgment of conviction.
The movant likewise complains that the sentence imposed upon him was the same as that imposed upon his codefendant, Johnson, although the latter was a second felony offender. Punishment is a matter for the court. Each was a legal sentence. The motion is denied. Submit order. Let the District Attorney serve a copy of the order, when signed, tog*ether with notice of entry thereof, upon the defendant at the place where he is presently confined.