Hyman Barshay, J.
This, is an application in the nature of a writ of error coram nobis to vacate and set aside a judgment dated July 28, 1958, convicting the defendant, on his own plea of gmilty, of the crime of conspiracy to commit extortion and sentencing him to the New York City Penitentiary, the sentence to run concurrently with one he was then serving in the same penitentiary, for the crime of assault in the third degree.
At the time of sentence the court stated that the defendant was “ the least culpable ” of his codefendants, who received lesser sentences. He now contends that he was denied due process and equal protection of the law in violation of the State and Federal Constitutions because the court had imposed a longer term of imprisonment upon him than his codefendants and that the court improperly placed him in a “ separate classification.” After he pleaded guilty, a full and complete *2 probation report was submitted to the court and based upon it the defendant was sentenced as above stated. The court’s statement that he was ‘ ‘ the least culpable ’ ’ indicated that the defendant was “ reformable ” and thus subject to an indeterminate penitentiary sentence (People v. Gross, 5 N Y 2d 131). Assuming his contention was right (which it is not), he had an adequate remedy at law by appeal.
The application for a writ of error coram nobis is, therefore, denied. Let the District Attorney submit an order to that effect and serve a copy of it, when signed, on the defendant together with notice of entry thereof, by mail, at the institution where he is presently confined.