Thomas Dickens, J.
This motion for coram nobis relief is denied.
The mass of correspondence between defendant and the court personnel, the multiple applications made heretofore, and the stenographic minutes of the court sessions, — all, in their bearing upon the question involved here, point to this just conclusion : that the ground now urged to vacate the judgment of conviction, that is, the absence of defendant’s counsel during the time when the court had given the jury further instructions pursuant to their request, criticized by defendant as a noncompliance with section 427 of the Code of Criminal Procedure, seems to have its derivation from an afterthought.
It is reasonable to entertain such belief because the record afore-mentioned discloses that nothing was at any time said by defendant which, in the slightest degree, touched on, or referred to, this subject. I am convinced upon the basis of this record, as I found it upon examination, that defendant is not truthful. (See People v. Vasquez, 18 Misc 2d 614.)
In any event, I am inclined to conform my ruling to the judicial ruling which holds that this ground is not an approved one in coram nobis. Such ruling appears to apply even in the case of the absence of defendant himself. (People v. Gazzingli, N. Y. L. J., Nov. 16,1956, p. 14, col. 8; see, also, People v. Merrill, 286 App. Div. 307; People v. Shapiro, 2 Misc 2d 462, affd. 3 A D 2d 740, affd. 3 N Y 2d 203.)
The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.