Benjamin Gassman, J.
This is a motion in the nature of a writ of error coram nobis.
The record discloses that on January 6, 1955, in a one count indictment, the defendant was charged with the crime of murder in the first degree in that “ the defendant in the County of New York, on or about December 20, 1954, wilfully, feloniously and of malice aforethought, struck and killed Mary Joyce with a blunt instrument ”. On January 12, 1955, when the defendant was arraigned, the late Judge Schurman appointed John McKim Minton, Rudolph Stand and Matthew Brandenburg as defendant’s counsel, and on the same date, the defendant, with his three court-assigned counsel by his side, pleaded not guilty to the indictment.
On March 9, 1955, before Judge Breslin, the defendant in open court, with his three court-assigned counsel by his side, offered to plead guilty to the crime of murder in the second degree. Upon the written recommendation of the District Attorney, Judge Breslin accepted that plea and the defendant thereupon withdrew the plea of not guilty theretofore interposed by him and pleaded guilty to the crime of murder in the second degree. The pleading minutes on file indicate that the defendant admitted in open court that on December 20, 1954, he participated with three confederates in the robbery of an apartment at 2049 Seventh Avenue, New York County, in the course of which, one Mary Joyce was assaulted by one of his confederates and subsequently died as a result of the injuries inflicted upon her; that while the defendant himself did not actually strike the fatal blow, he was there when she was beaten about the *737 head by one of the others in the course of the robbery, and that he received $40 out of the stolen money as his share of the proceeds of that robbery. Judge Bresliu- sentenced him to State prison for a term of not less than 20 years nor more than his natural life.
On this motion, the defendant urges several grounds, only one of which, however, merits any discussion by the court.
The defendant contends that in view of the fact that the facts confessed to by him, as disclosed during his interrogation prior to his plea of guilty, constituted a felony murder, that his plea of guilty to the crime of murder in the second degree “ was illegal ’ ’. He argues that the indictment charged him with common-law murder under subdivision 1 of section 1044 of the Penal Law, and that “ the Court modified the statute section 1044 of the Penal Law to be read as under section 1046 of the Penal Law ”. This, the defendant contends, was illegal because “ the People failed in this process inasmuch as the evidence comprehensively ascertained the fact that petitioner did not kill said decedent, did not utilize any alleged blunt instrument and did not wilfully or with malice aforethought commit the crime ’ ’.
A writ of error coram nobis is a common-law writ of ancient origin, devised by the judiciary and used to bring before a court a judgment previously rendered by it, for the purpose of review or modification, on account of some error of fact and not of law, affecting the validity and regularity of the proceedings, and which was not brought into issue at the trial.
Where a petitioner alleges no fraud, misrepresentation, or deceit, he is not entitled to relief under coram nobis (People v. Langford, 206 Misc. 628, 631). Coram nobis may not be used to review errors of law. Such errors appear on the face of the record and are reviewable only on appeal from the judgment (People v. Brandau, 20 Misc 2d 333; People v. Parker, 8 A D 2d 863; People v. Fortson, 7 A D 2d 139,141; People v. Waterman, 5 A D 2d 717; People ex rel. Walker v. People, 3 A D 2d 623; People v. Sidoti, 1 A D 2d 232, 233). Coram nobis is not available to correct an error of law and may not be used as a substitute for an appeal (People v. Whitman, 185 Misc. 459; People v. Shapiro, 2 Misc 2d 462, affd. 3 A D 2d 740, affd. 3 N Y 2d 203; People v. Berry, 3 Misc 2d 984, 985; People v. Blair, 203 Misc. 553, 554).
Nor can the writ of error coram nobis be used to set aside a plea of guilty offered in open court by a defendant who was represented by competent counsel, where no fraud is attributable to the People or to the court (People v. Stryzewski, 19 Misc 2d 598, affd. 283 App. Div. 939).
*738 In the present case, the facts were all disclosed in open court during the interrogation of the defendant by the court prior to his pleading guilty, as well as in the written recommendation filed by the District Attorney, recommending the acceptance of the reduced plea, wherein the District Attorney set forth all the facts and reasons for such recommendation. There is no claim asserted by the defendant that he was ignorant of the facts or that he was induced to plead guilty because of fraud, misrepresentation or coercion.
The indictment charged the defendant with common-law murder in the first degree. The interrogation disclosed that the defendant was involved in a robbery with three confederates, in the course of which the deceased was killed by one of those confederates, and that the defendant actively participated in the robbery. With full knowledge of the facts and on his confession of participation in the robbery, the defendant was permitted to plead guilty to murder in the second degree. He cannot be heard to complain that he pleaded guilty to a crime of which he was not accused. The indictment could well have been sustained by proof that the defendant committed a felony murder and he might well have been convicted of murder in the first degree under that indictment.
Conviction of murder in the first degree under an indictment charging the crime in common-law form can be sustained by evidence of a killing in perpetration of a felony murder (People v. Giblin, 115 N. Y. 196).
In People v. Donaldson (295 N. Y. 158, 165-166), the court said: “ [A]n indictment in common-law form, stating the facts constituting the crime and charging the crime to have been done by the defendant ‘ willfully, feloniously and with malice aforethought ’, is sufficient to sustain a conviction of murder in the first degree if the proof as to the manner of the commission of the crime brings it within one of the statutory definitions ”, citing People v. Giblin (supra).
The defendant’s contention that “the Court modified the statute, section 1044 to be read under section 1046 of the Penal Law ” is specious. The court had the power, on the recommendation of the District Attorney, to permit the defendant to plead guilty to a lesser degree than that charged in the indictment (Code Grim. Pro., § 342-a). That did not constitute a modification of the statute by the court.
Where a defendant pleads guilty to a lesser crime or to a lesser degree of crime than that charged in the indictment, his plea admits the facts to which he pleaded, as disclosed by the *739 interrogation preceding the taking of the plea (People v. Griffin, 7 N Y 2d 511, 515).
The court had the power to accept a plea of murder in the second degree, and the defendant having confessed in open court to a felony murder, cannot be heard to complain now about the acceptance of that plea. He cannot be permitted now to withdraw his guilty plea seven years after he took it.
Accordingly, the motion is in all respects denied without a hearing.