THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* RANDY ROBERTSON, Defendant.

Court of General Sessions of County of New York, June 12, 1962.

*Randy Robertson,* defendant in person. *Frank S. Hogan,* District Attorney (*Robert E. Goldman* of counsel), for plaintiff.

THOMAS DICKENS, J. The enumeration following forms the substantial high lights of the critique of the judgment of conviction as set down in defendant's petition:

1. Misrepresentation by counsel.

2. Deprivation of the statutory rights under section 480 of the Code of Criminal Procedure (the allocution).

3. Inexperience of the Trial Judge.

4. "Arrested and booked but not for Homicide and was never confronted with a magistrate judge concerning homicide or any judge or justice until he answered to an indictment in General Sessions for the crime 'First Degree Murder.'"

No charge of either fraud, deceit, misrepresentation, or trickery, is made against the court or the District Attorney.

I shall discuss these criticisms in the order as listed.

The nature of the alleged misrepresentation is that counsel had lied to defendant "about motions he wanted made concern-

ing the plea " and " About his being allowed to testify in the absence of the jury." Such alleged misconduct on the part of counsel, assuming it to be so, does not support this kind of motion in law. (Cf. *People* v. *Walker,* 26 Misc 2d 940.) Representations by counsel, whether true or not, do not come within the classification of official deception; consequently, the alleged deceptions, are of no avail in support of a motion in *coram nobis.* (*People* v. *Cruz,* 202 N. Y. S. 2d 556.) Furthermore, a motion for *coram nobis* relief cannot be employed to vacate a plea of guilty tendered in open court by a defendant appearing by counsel, where no fraud is attributable to the court or to the People. (*People* v. *Snelling,* 33 Misc 2d 735.) See, also, *People* v. *Lyons* (19 Misc 2d 606) holding that *trickery* and *bad faith* by counsel, are not legal grounds for *coram nobis* relief. (See, also, *People* v. *Smith,* 109 Cal. App. 2d 76.)

It has become an inveterate rule in the law that a complaint involving the allocution in a case is outside the realm of *coram nobis.* (See Frank, Coram Nobis [1954–1960 Cum. Supp., p. 37], par. 302 [a], p. 54. See, also, *People* v. *Moss,* 8 A D 2d 868; *People* v. *Dingman,* 6 A D 2d 925, appeal denied 6 A D 2d 1018; *People* v. *Stevenson,* 14 A D 2d 779; *People* v. *Woodruff,* 32 Misc 2d 213; *People* v. *Darling,* 10 A D 2d 655; *People* v. *Daboul,* 209 N. Y. S. 2d 4.)

The criticism of inexperience in conclusory form leveled at the Trial Judge is insolent, and could rightfully be regarded as conduct bordering on contempt; consequently, I consider it to be below the dignity of the judiciary for me to give it any attention other than to make this appropriate commentary for the record.

The subsequent change from the original crime, for which defendant had been arraigned in the Magistrates' Court, to that of homicide by indictment in the Court of General Sessions, is not a cause for *coram nobis* relief. In the first place, the Grand Jury supersedes the Magistrates' Court in the prosecution of crimes. In the second place, the District Attorney exercises the prerogative of charting the course of a prosecution. (For both views, see *People* v. *Elfe,* 34 Misc 2d 206. See, also, *People* v. *Smith. supra.*) In the third place, the conviction resulted from an indictment duly found and returned by a Grand Jury, and consequently, defendant may not resort to the remedy by *coram nobis* in order to seek a review of the events that had taken place antecedent to the finding of the indictment. (*People* v. *Humbert,* 11 A D 2d 628, reargument denied 11 A D 2d 914.)

Defendant acknowledges that he had pleaded guilty in the course of the trial. He also makes these acknowledgements:

" That no direct appeal was taken and this is the first time relief has been sought by the petitioner in the nature of an error coram nobis." And, " The fact that this is the only remedy to his knowledge left to him." Apposite to the effect of these acknowledgements in this motion, is this full-meaning excerpt from Frank's Coram Nobis ([1954-1960 Cum. Supp., p. 38], par. 302 [a], p. 56): " Petitioner could have challenged the alleged error of law by appeal or * * * by asking leave to withdraw his plea. He cannot now say that there was no adequate remedy at law." (See, also, *People* v. *Gencarelli,* 15 Misc 2d 45, affd. 9 A D 2d 614, affd. 8 N Y 2d 906, cert. denied 364 U. S. 875.)

The motion for *post rem* relief is fully denied.

The District Attorney is directed to enter an order in conformance with the decision herein and to forward a certified copy to defendant.