Thomas Dickens, J.
An indictment for murder in the first degree (felony murder) found by the Grand Jury in 1950 against defendant and others, was thereafter reduced to murder in the second degree as to this defendant when in 1951 he made a confession in open court as his part of a compromise.
Now he comes into court through the medium of this coram nobis motion and asks that the judgment of conviction be nullified because —
1. The court had no right to accept the plea of second degree murder, a crime which he had not committed and for which he had not been indicted.
2. The District Attorney used “ Psychological trickery,” as defendant calls it, by arranging for the codefendants to plead *575 guilty to manslaughter at a time when defendant was confined in prison and was, by reason thereof, unable to be present.
3. The District Attorney, induced by favoritism, allowed the codefendants to plead guilty to the lower crime of manslaughter, while, on the other hand, he allowed defendant to plead guilty to the higher crime of murder in the second degree.
Least and most, I am confronted with a much ado about nothing; yet I shall consider the merits of defendant’s petition in order to bring home to defendant the fact that his alleged criticisms can, with approval, hold no place in the law, for lacking legal vigor, the subject of these criticisms being merely incidents appearing on the face of the record. (See Frank, Coram Nobis, p. 53, par. 3.02[a] and Supp., with miscellaneous authoritative examples thereunder.)
Specification “ 1.” — A court has judicial power to entertain and accept a plea of guilty reduced from felony murder to second degree murder. (Matter of Dodd v. Martin, 248 N. Y. 394; People v. Snelling, 33 Misc 2d 735. See, also, Code Crim. Pro., § 342-a.) The same goes to a plea of guilty from first degree murder to any of the lower degrees. (People v. Smith, 78 Hun 179.) There is no prohibition in the law against pleading to a noncapital crime (lower degrees of homicide) under an indictment charging a capital crime (murder, first degree), and for obtaining a conviction thereon. (People v. Lyons, 19 Misc 2d 606.) As examples of cases in which the change of homicide pleas was involved, see People v. McGuire (13 A D 2d 794); People v. Van Orden (174 Misc. 65); People v. Ross (12 A D 2d 722). This sort of contention, the late Judge Wallace decried as, “so much poppycock ” and as, “ arrant nonsense,” in People v. Lyons (supra, pp. 608-609). See, also, People ex rel. Johnson v. Martin (283 App. Div. 478, affd. 307 N. Y. 713).
Specification “ 2.” — The exclusion of fraud from this charge made against the District Attorney, seems to have prompted defendant to offer this benevolent remark in stressing its exclusion: “ Nowhere in this petition presented to this court does petitioner claim or assert that the District Attorney or his assistant used or resorted to fraud to obtain a conviction and judgment on date herein mentioned. To accuse said court officials of fraud would be in actuality accusing them of committing a serious crime.’’ (Emphasis defendant’s.)
Then follows this accusing remark against the District Attorney on trickery and deceit:
“Therefore altho petitioner does not claim fraud, he does claim trickery and deceit, whereby subject matter so continued herein, (Recommendation to a lesser plea) [sic] will show that *576 the District Attorney and his assistant, to obtain a conviction and judgment, did resort and used deceit and trickery meaning resorting to phy cholo gical trickery.
“ (Psychological trickery is my own phrase.) ” (Fmphasis supplied.)
This latter remark, according to defendant’s petition, has for its source only the alleged facts that the codefendants were permitted to plead guilty to lower crimes and in defendant’s absence, which, as a method of procedure, defendant calls, ‘ ‘ secret Court procedure. ’ ’
In disclaiming the use of fraud by the District Attorney, defendant, under this specification, makes it evident that he supplies no legal substance in aid of this intended prop as a support for coram nobis relief. (People v. Snelling, supra; see, also, People v. Brim, 22 Misc 2d 335.) “Psychological trickery, ’ ’ a phrase, it may be said, coined to suit the aberration of defendant’s own fanciful imagination, belongs in the same class with “ psychopathic delusion,” a term which a defendant in the citation, infra, as recorded therein, used when he asserted that he suffered at the time of his conviction because of the alleged fact that one of the arresting officers had promised that if defendant, therein, would co-operate with the officers and sign a confession, he would go free. This alleged aberration was held not to require the granting of a coram nobis motion. (People v. Mons, 195 Misc. 479.)
Research reveals that there is nothing in the Criminal Code nor in the book cases requiring the presence of a defendant at the time when codefendants offer their pleas. By analogy, there are incidents that take place in the course of a trial applying directly to a defendant himself, and yet such incidents are not regarded as affecting his legal rights; as, for example, either the absence of his attorney or the absence of a defendant himself during the time when the court is giving a jury further instructions in response to a jury’s request. (People v. Chapman, 19 Misc 2d 489.) And, this view prevails even in a murder case. (People v. Kimmel, 13 A D 2d 549.) These citations clearly hold that such occurrences are of no help for the attainment of coram nobis relief. (See, also, People v. Shapiro, 3 N Y 2d 203; People v. Diel, 13 A D 2d 840; People v. Zizzo, 9 Misc 2d 484, cert. denied 361 U. S. 852, cert. denied 362 U. S. 945.) Also compare McIntyre v. People (9 N. Y. 38) in which defendant had contended that he was entitled to have his codefendant tried first, but the contention was not sustained.
Specification “3.” — To begin with, punishment is not the function of the District Attorney. (People v. Hasenstab, 283 *577 App. Div. 433.) He may recommend (see Code Grim. Pro. § 342-a), but the trial court, in sentencing a defendant, who had pleaded guilty, is not obliged to accept the recommendation of the prosecutor regarding the sentence to bo imposed. (People v. Steir, 268 App. Div. 961.) Punishment being the sole prerogative of the court, the acceptance by the court of a plea of guilty different from those of codefendants and the imposition by the court of varied sentences thereon, do not constitute a denial of due process and of equal protection of the law, warranting the remedy of eoram nobis. (People v. Galzaretta, 17 Misc 2d 1; People v. Foster, 10 Misc 2d 285.)
To round out the judicial views with respect to Specifications “2” and “ 3 ” I refer to People ex rel. Epstein v. Lawes (164 Misc. 58) which lays down the rule that the joint indictment of several defendants does not require that they must be considered jointly for all purposes, and to March v. People (7 Barb. 391) which lays down the further rule that a judgment in a criminal prosecution must be several against each defendant although the trial may have been joint.
Finding the judgment of conviction to be valid, I must deny defendant’s request for permission to withdraw the plea of guilty for the purpose of enabling defendant to interpose a plea of not guilty. Although section 337 of the Code of Criminal Procedure gives me discretionary power, ordinarily, to grant such request in circumstances justifying it, I could not accede to the request, even if I were inclined to do it, because, ‘ ‘ After judgment on a plea of guilty and the beginning of the term of imprisonment the court [i] s without jurisdiction to permit the defendant to change his plea.” (Matter of Dodd v. Martin, supra, p. 396.) The situation here, according to the allegations of this application, is not one concerned with an invalid judgment of conviction as the result of unfair conduct upon the part of the court or of the District Attorney, producing, as a result, a violation of due process. (See People v. Snelling supra.) The motion is denied in toto.