Mario Pittoni, J.
This is a motion to dismiss a complaint for legal insufficiency in an action by an attorney to recover the value of legal services rendered to the Board of Commissioners of Water and Light of the Incorporated Village of Freeport. The complaint states that the plaintiff was retained by the Board of Commissioners to institute an article 78 proceeding to annul a determination of the Village Board of Trustees which found the commission was illegally constituted, and to restrain the establishment of a new commission. The proceedings terminated in favor of the commission. The question presented is whether the defendant village may be held liable for the services rendered by special counsel employed by an agency of the village without approval of the Board of Trustees.
*804 For the purposes of this motion, the allegations of the complaint that the plaintiff’s services were rendered at the request of the Board of Commissioners and for the benefit of the village must be deemed true (St. Regis Tribe of Mohawk Indians v. State of New York, 5 N Y 2d 24, 36). The complaint when viewed in this light states a good cause of action.
The power to employ an attorney rests solely with the Board of Trustees of a village (Village Law, § 89, subd. 11), and as a general rule a public official has no authority to engage independent counsel even though his services benefit the municipality (Seif v. City of Long Beach, 286 N. Y. 382). It is equally well established, however, that a public officer possesses implied authority to employ special counsel in the prosecution or defense of an action undertaken in the public interest and involving his official duties where the municipal attorney is disqualified from acting, as in the case of a dispute between two agencies or officers of a governmental body (Matter of Fleischmann v. Graves, 235 N. Y. 84; Matter of Hiscox v. Holmes, 239 App. Div. 602; Judson v. City of Niagara Falls, 140 App. Div. 62, affd. 204 N. Y. 630). "When such an action is prosecuted as an official duty rather than for personal motives, the municipality may be held liable for the payment of the expenses incurred. The allegations of the complaint bring this action within the principles enunciated by the cited cases, and state a good valid cause of action (Levine v. Miteer, 16 A D 2d 990). The motion to dismiss is denied.
The plaintiff’s cross motion to strike the reference in the moving papers to the decision of Mr. Justice Farley is also denied. The use of affidavits and other documents on a motion to dismiss is now authorized (CPLR 3211, subd. [c]).