John J. O’Brien, J.
Is a person with no prior criminal record, who is photographed and fingerprinted upon being charged with a felony, and who is later adjudged to be a youthful offender, entitled to the return and destruction of his fingerprints and photographs upon demanding same from the State Police and the Department of Correction? The entire subject of criminal identification, records and statistics is covered by sections 615 through 619 of the Correction Law which sections were enacted by section 2 of chapter 881 of the Laws of 1958, *431 effective January 1, 1959 which repealed former sections 615 through 623 of the Correction Law.
Former section 622 of the Correction Law provides in part that upon the determination of a criminal action or proceeding against a person, in favor of such person, his or her photograph, fingerprint impressions and all duplicates and copies thereof made during such action or proceeding shall be returned on demand to such person by the police officer, sheriff, peace officer or any member of any police department having such photographs and fingerprints in his possession or under his control.
Sections 615 through 619 of the Correction Law contain no provision for return of photographs and fingerprints after acquittal as provided for in former section 622.
In the Matter of Molineux v. Collins (177 N. Y. 395) the court held that fingerprints and photographic records in the Department of Correction are State records and, therefore, inviolate in the absence of a statute requiring their destruction or other disposal.
Section 552-a of the Code of Criminal Procedure provides in part that no person charged with a felony or with certain misdemeanors or offenses shall be admitted to bail until his fingerprints shall be taken to ascertain whether he has previously been convicted of a crime. The fingerprints thus taken as a condition precedent to admission to bail and all copies of such prints shall be returned to the defendant or destroyed in his presence, on demand, upon acquittal or dismissal of the charge.
People v. Hevern (127 Misc. 141 [1926]) held this section and others to be unconstitutional.
Section 944 of the Code of Criminal Procedure which is a new section effective January 1, 1960 was derived from former section 622 of the Correction Law and it provides as follows: ‘1 Return of photographs and fingerprints after acqnittal. Upon the determination of a pending criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or her or unless such person has previously been convicted in this state of a crime or of the offense of disorderly conduct or of being a vagrant or disorderly person or has previously been convicted elsewhere of any crime or offense which would be deemed a crime or the offense of disorderly conduct, vagrancy or being a disorderly person if committed within the state, his or her photograph, photographic plate or proof, fingerprint impressions, photographic copy or photographic plate taken or made while such action or proceeding is pending by direction or authority of any police officer, sheriff, peace officer, or any *432 member of any police department, and all duplicates and copies made thereof during such action or proceeding, shall be returned on demand to such person by the police officer, sheriff, peace officer or any member of any police department having any such photograph, and fingerprints, photographic plate or proof, copy or duplicates in his possession, or under his control, and such police officer, sheriff, peace officer or member of police department failing to comply with the requirements hereof, shall be guilty of a misdemeanor.” (Added by L. 1958, ch. 881, § 3; amd. by L. 1959, ch. 647, § 1, eff; Jan. 1,1960.)
Section 516 of the Penal Law provides in part for the return of fingerprints and photographs upon the determination of a criminal action or proceeding against a person, in favor of such person, unless another criminal action or proceeding is pending against him or unless such person has previously been convicted in this State of a crime.
In the case of Matter of Campbell v. Adams (206 Misc. 673 [1954]) the court held that upon dismissal of a charge of burglary against a 16-year-old boy, he was entitled on demand to return of fingerprints and photographs taken in connection with his arrest on such charge and all duplicates thereof, though he had in the meantime been placed on probation on complaint to have him adjudged a wayward minor. The court based its decision on section 913-a et seq. and section 940 of the Code of Criminal Procedure and section 516 of the Penal Law.
This action was against the Police Commissioner of the City of New York and nowhere in the opinion is any mention of whether the fingerprints and photographs forwarded to the Department of Correction pursuant to former section 620 of the Correction Law were ordered returned.
There appears to be no case law dealing with the question as to whether or not the Department of Correction is subject to the statutory duty to return fingerprints and photographs but the Attorney-General in a 1936 opinion at page 321 denies that the Department of Correction is subject to this duty but that fingerprints in the possession of the department should be returned on acquittal to the police department which forwarded the same.
Section 944 of the Code of Criminal Procedure places the duty to return all copies of the fingerprints and photographs upon the police officer, sheriff, peace officer, or any member of any police department having such photographs and fingerprints in his possession or under his control.
It seems clear the Department of Correction is not a police officer, sheriff, peace officer, or a member of any police depart *433 ment, but it seems equally clear that the very purpose of section 944 of the Code of Criminal Procedure and section 516 of the Penal Law would be frustrated if the Department of Correction were allowed to retain these fingerprints and photographs as a part of their permanent records. The person subject to the statutory duty who forwarded them to the Correction Department should have a corresponding duty to seek their return from the Correction Department and, in turn, return them to the acquitted defendant.
The above-cited case of Matter of Campbell v. Adams determined that dismissal of a charge in compliance with which fingerprints and photographs have been taken entitles the accused to a return of such records and that his subsequent adjudication as a wayward minor gives no legal authority pursuant to section 940 of the Code of Criminal Procedure to fingerprint and photograph him, therefore has no effect upon the' validity of his demand for their return, and the court further held that waywardness is a condition and not a crime.
Former section 940 of the Code of Criminal Procedure provides in part for the taking of fingerprints and photographs of any person charged with a felony or certain named misdemeanors or with being a youthful offender for acts which if committed by an adult would constitute a felony or one of the named misdemeanors. The amendment of this section by section 17 of chapter 839 of the Laws of 1956 which inserted the provision in relation to youthful offenders was repealed by chapter 232 of the Laws of 1961, effective April 3, 1961, the intention being to restate section 940 as it was prior to the 1956 amendment.
A 1943 opinion of the Attorney-General (p. 251) provides that photographs and fingerprints of a youthful offender under former sections 252-a to 252-h of the Code of Criminal Procedure filed with the Department of Correction must be returned to the contributing agency upon request.
Section 913-0 provides: ‘ ‘ The records of any youth adjudged a youthful offender, including finger-prints, photographs and physical descriptions, shall not be open to public inspection, but such finger-prints, photographs and physical descriptions submitted to the division of identification of the state department of correction at the time of the arrest of a person subsequently adjudged a- youthful offender shall be retained as confidential matter in the files of such division, and be opened to inspection only as hereinafter provided. Statistical data ordinarily received by such division, with regard to persons arrested for a felony or misdemeanor as outlined above, shall be forwarded to the division to be filed, in addition to the finger *434 prints, photographs and physical descriptions as mentioned above, and be retained in the division as confidential information, open to inspection only as hereinafter provided. The court in its discretion, in any case, may permit an inspection of any papers or records. Any institution to which a youth is committed shall have the right to inspect any of the records of any person committed to it as a youthful offender, without a court order.” (Added by L. 1944, ch. 632, § 2, eff. April 7, 1944.)-
Section 61 of the Youth Court Act (L. 1956, oh. 838) which repealed sections 9'13-e to 913-r was repealed by chapter 196 of the Laws of 1961, effective March 26, 1961 which in effect continues said sections in force and effect.
A 1957 Opinion of the Attorney-General (p. 209) states that the provisions of section 913-o of the Code of Criminal Procedure govern the retention of fingerprints of a youthful offender.
Former sections 252-a to 252-h of the Code of Criminal Procedure made certain provisions in relation to adjudging certain persons charged with crimes as youthful offenders and in particular section 252-h provided in part that the records of any youth adjudged a youthful offender including fingerprints and photographs shall not be open to public inspection but that the court in its discretion might permit the inspection of any records or papers.
Section 913-0 of the Code of Criminal Procedure appears to be the governing statute and is in conformance with the 1957 Opinion of the Attorney-General (p. 209). The 1943 Opinion of the Attorney-General (p. 251) was based upon the law as it existed under former sections 25’2-a to 252-h of the Code of Criminal Procedure which sections were repealed by the enactment of title VII-B (Proceedings Respecting Youthful Offenders) added by section 2 of chapter 632 of the Laws of 1944, effective April 7,1944.
The only construction that can be placed on section 913-o of the Code of Criminal Procedure is that the photographs and fingerprints of a person adjudged to be a youthful offender are to be retained as confidential matter in the files of the Department of Correction and shall not be returned to such persons. Section 913-o makes provision for their confidentiality and provides for their inspection only upon the exercise of the court’s discretion and for inspection by an institution to which a youth is committed as a youthful offender without a court order. It would seem to follow that the State Police are under no duty to return photographs and fingerprints taken by them of a person charged with a felony and who is later adjudged a *435 youthful offender because section 944 of the Code of Criminal Procedure and section 516 of the Penal Law provide for their return only upon the determination of a pending criminal action or proceeding against a person in favor of such person.