D. Ormande Ritchie, J.
The petitioner in this proceeding brought pursuant to article 78 (CPLR) seeks an order directing the respondent Police Commissioner of the County of Suffolk to return to petitioner records of fingerprints and photographs of the petitioner taken by members of the Suffolk County Police Department.
There is no factual dispute. Respondent’s position in the proceeding is that a question of law only is presented.
Petitioner was arrested on a charge of violation of subdivision 2 of section 1192 of the Vehicle and Traffic Law, operating a *447 motor vehicle while in an intoxicated condition, a misdemeanor. Following his arrest he was fingerprinted and photographed. Thereafter and on June 19,1964, in the Court of Special Sessions of the Town of Islip, defendant pleaded guilty to a violation of subdivision 1 of section 1192 of the Vehicle and Traffic Law, operating a motor vehicle while his ability to operate such motor vehicle was impaired by the consumption of alcohol, a traffic infraction.
Section 552-a of the Code of Criminal Procedure specifies fingerprinting as a prerequisite to admission to bail of a defendant charged with specific crimes, misdemeanors and offenses. Violation of subdivision 1 or 2 of section 1192 is not included in the misdemeanors or offenses specified in section 552-a of the code. The authority for fingerprinting petitioner is found in the provisions of section 940 of the Code of Criminal Procedure which in pertinent part imposes upon police officers the power and duty of talcing fingerprint impressions and photographs of persons “ arrested and charged with a felony or with any crime which would be a felony if such person had been previously convicted of a crime ’ ’ for the purpose of ascertaining the identity of persons charged with crime. Subdivision 2 of section 1192 of the Vehicle and Traffic Law provides in part “ Whoever operates a motor vehicle or motorcycle while in an intoxicated condition after having been convicted of operating a motor vehicle or motorcycle while in an intoxicated condition shall be guilty of a felony ’ ’. Reading this latter section in conjunction with section 940 of the Code of Criminal Procedure leads to the conclusion and the court finds that respondent in fingerprinting' and photographing petitioner, acted within the authority and the duty imposed upon him by section 940. Identification of the defendant was required for the purpose of ascertaining whether the charge on which he was arrested, to wit, driving while intoxicated, was a felony because of a prior conviction therefor. Since the charge on which defendant was arrested retained its identity as a misdemeanor, it is apparent that there was no record of a previous conviction of petitioner of such a violation.
The violation charged upon arrest was not the charge to which petitioner entered a plea. Petitioner was permitted to plead guilty to the lesser charge of ‘ ‘ driving while impaired ’ ’, a traffic infraction. A plea of guilty to the lesser charge admits none of the facts upon which the original charge was founded. (People v. Griffin, 7 N Y 2d 511; People v. Snelling, 33 Misc 2d 735.)
It is expressly declared in section 155 of the Vehicle and Traffic Law that ‘ ‘ A traffic infraction is not a crime ’ Substi *448 tution of the charge against petitioner “ of driving while impaired” in place of the charge of “driving while intoxicated ’ ’ and acceptance of petitioner’s plea to a traffic infraction, operated to effect a dismissal of the criminal proceedings against the petitioner and constituted a determination of the criminal proceedings in petitioner’s favor.
Section 516 of the Penal Law directs that upon the determination of a criminal action or proceeding against a person, in favor of such person, that all fingerprints, photographs, plates, proofs, etc., taken or made of such person while such action or proceeding is pending by direction or authority of any police officer, peace officer or any member of any Police Department, and all duplicates or copies thereof shall be returned to such person upon demand. The relief sought in the petition is granted, without costs.