Joseph Liff, J.
Three of four named defendants move to dismiss this action brought by the plaintiff village to restrain a violation of an ordinance. The motion is based on the circumstance that the resolution of the Village Board of Trustees authorizing the engagement of outside counsel for the purpose of bringing the action, referred to only one of the four named defendants and not all of them. Therefore, they urge that the plaintiff has no capacity to sue in spite of the fact of the later adoption of an ordinance ratifying the commencement of an action by said counsel against all four defendants. The purpose of the resolution was to authorize the retention of an attorney to enjoin a violation of an ordinance in certain premises and to make an appropriation to compensate him for his services. It did not purport to tell the attorney in what form his action should be brought, nor how to draw the complaint, nor whom to name as defendants.
The village has the power to sue and be sued (Village Law, § 2-200, subd. 5). The Mayor, at the direction of the Board of Trustees may institute a civil action (Village Law, § 80); and the Board of Trustees when necessary may employ an attorney other than the Village Attorney to perform special service and to pay a reasonable compensation therefor (Village Law, § 89, subd. 11; Zablow v. Incorporated Village of Freeport, 41 Misc 2d 803); and the Board of Trustees may by resolution make an appropriation for the purpose of paying said attorney (Village Law, § 126, subd. 4 [now § 6-630, subd. 4]). A resolution is as well an act or ordinance (Local Finance Law, § 2.00, subd. 17). Generally, although a public official has no authority to enagage independent counsel, such act may nevertheless be ratified (Seif v. City of Long Beach, 286 N. Y. 382, 386) and in some circumstances authority to employ special counsel may be implied when an action is undertaken in the public interest and in that event the municipality may be held liable for the payment of the expenses incurred (Zablow v. Incorporated Village of Freeport, supra).
Section 179-b of the Village Law does not authorize the Board of Appeals to review a legislative enactment of the Village Board of Trustees (Matter of Katz v. Board of Appeals of Village of Kings Point, 21 A D 2d 693). The motion is without merit and it is denied.