James Gibson, J.
The petitioner was charged with a misdemeanor (in operating a motor vehicle while under the influence of alcohol [Vehicle and Traffic Law, § 1192, subd. 2]) and was convicted, upon his plea of guilty, of a traffic infraction (in operating a motor vehicle while his ability was impaired by the consumption of alcohol [Vehicle and Traffic Law, § 1192, subd. 1]). He brings this article 78 proceeding to require the respondent to return to him all photographs and fingerprints taken of him while the criminal action or proceeding was pending (Civil Rights Law, § 79-e).
The respondent was not required to make such return (Civil Rights Law, § 79-e; CPL 1.20, subds. 16,18; Matter of Galenson v. Kirwan, 67 Misc 2d 535; and see People v. Havern, 43 Misc 2d 430). If respondent is mistaken in contending that the conviction of the infraction did not constitute ‘ ‘ the determination of a criminal action or proceeding ” (predicated upon the misdemeanor charge) “ in favor of ” petitioner (Civil Rights Law, § 79-e), it would then seem to follow that “ another criminal action or proceeding ” (predicated upon the infraction) became “ pending against him ” (Civil Rights Law, § 79-e), the procedures in respect of the infraction having “ occur[red] in a criminal court and [being] related to a prospective, pending *455 or completed criminal action ” (GPL 1.20, subd. 18). The decision in Matter of Johansen v. Barry (44 Misc 2d 446) is not persuasive, antedating, as it does, the enactment of the hereinbefore cited provisions of the Criminal Procedure Law.
Petition dismissed, without costs.