The Mayor and Trustees Village of Larchmont
We have been requested to issue an opinion in relation to the position of Larchmont village attorney. Normally we require opinion requests to be submitted by the municipal attorney but in this instance, because the matter involves that position and because the position has become vacant due to superannuation retirement and has not been filled, an opinion will be issued directly to you.
The facts provided us are as follows:
 a. Your village has not made the position of village attorney a village office.
 b. The former village attorney who held that position for several years reached retirement age (Retirement and Social Security Law § 70) and his retirement became effective on April 30, 1981.
c. A new village attorney has not yet been appointed.
 d. At the organizational meeting of the village board on April 6, 1981, three trustees offered a resolution that the village contract with the retiring village attorney as "legal consultant" to perform the same services he previously performed.
e. The resolution was tabled.
 f. The former village attorney has been advised by the State Retirement System that the Retirement System has no objection to the former village attorney having a contract as a legal consultant or to act as an independent contractor after his mandatory retirement.
The following questions were submitted:
 1. "Where the Mayor opposes the resolution, do three Trustees have the power to legally adopt a resolution to have the Village contract with the retiring Village Attorney as `Legal Consultant' to render the same services performed as Village Attorney?
 2. "May the Village Board legally enter into a contract for a fixed amount with the former Village Attorney upon his retirement, such contract to be for the rendition of defined legal services for one year, payable monthly on vouchers in equal installments;
 3. "If so, may the Board authorize the contract by simple resolution;
 4. "Is it necessary to eliminate the position of Village Attorney or may it be left vacant by failure to appoint, in the same way other employee positions are unfilled;
 5. "Would there be any objection to making equal monthly payments as stated above."
A village mayor has the right to appoint employees subject to approval by the board of trustees (Village Law § 4-400 subd 1 par c).
Village boards of trustees consist of five members: four trustees and the mayor (Village Law § 3-301 subd 4). A change in number is possible, but rare. Larchmont has a five member board.
Except in unusual circumstances, a simple majority (3 votes) is required for passage of matters by a village board of trustees (General Construction Law § 41).
A village mayor has no veto power (Village Law § 4-400 subd 1 par a; Bailey v Colonna, 73 Misc.2d 299 [Sup Ct, Clinton Co., 1972]; and 1969 Op Atty Gen 119 [enclosed]).
In an informal opinion reported in 1974 Op Atty Gen 199 (enclosed), issued after a village had acted by simple resolution to abolish the positions of village attorney and two assistant village attorneys and to create in their place the positions of "Special Legal Counsel" and "Special Counsel to all other Boards", the two new positions to be filled by appointment by the board of trustees, we concluded that if a court should find this to be a subterfuge to avoid the mayor's appointing power, the resolution could be held void and inoperative. The rationale behind the opinion was that in effect this took the statutory appointing power away from the mayor, a step which can be done only by amendment of the Village Law through passage of a local law subject to mandatory referendum under Municipal Home Rule Law § 23 subd 2 par f.
When a village board of trustees consisting of five members has power to act on a matter by resolution and three affirmative votes are cast for the resolution, it is adopted. It makes no difference whether the mayor casts one of the three affirmative votes or a negative vote or no vote at all.
If the position of village attorney exists in a village, the mayor has the right to appoint to the position, subject to approval by the board of trustees. Approval is provided by a minimum of three votes, which can be cast by two trustees and the mayor or by three or four trustees either with or without a vote by the mayor.
A village board of trustees may create or abolish positions of employment or change the designation or title of a position, but if a position of employment exists, it is the mayor who appoints to fill it (pursuant to the Civil Service Law when applicable) subject to approval of the board of trustees.
If the mayor's designee for appointment as village attorney is not approved by the board of trustees and the position is vacant, legal services may and usually are still required to be performed for the village. Under those circumstances the legal services may be provided under a contract and a village board of trustees, by simple resolution, may enter into a contract with an attorney for specific work. (Zablow vInc. Vil. of Freeport, 41 Misc.2d 803 [Sup Ct, Nassau Co. 1964]; Inc.Vil. of Farmingdale v Karp, 54 Misc.2d 714 [Sup Ct, Nassau Co., 1967].) The board of trustees has power to direct that a contract be entered into; the mayor must execute the contract on behalf of the village (Village Law § 4-400 subd 1 par i). He has no choice, even though he opposes the contract. (Prompt Electric Supply Co., Inc. v WETatem, Inc., 43 Misc.2d 433 [Sup Ct, Nassau Co., 1964]; Bailey vColonna, supra.)
The contract should be terminable upon appoinment of a village attorney and the completion of work commenced pursuant to the contract. It may be entered into with any attorney even though the attorney is a retired civil service employee. The contract must specify the work to be performed and the amount to be paid therefor. A fixed amount, to be paid for all services to be performed over a stated period, would be improper as a circumvention of the mayor's power to appoint an employee. Payment in equal amounts by voucher, instead of by a payroll check, does not overcome the evil. The remuneration should be on a per job or per hour basis. An hourly rate could vary according to the type of work, such as counseling, attending meetings, researching, drafting, litigation, etc.
The United States Internal Revenue Service and the State Income Tax Bureau might not be interested in the details of the relationship. The Social Security Administration might be. The New York State Retirement System would be because if the distinction between an employee and an independent contractor is not sharply made and the contract attorney is a retired civil service employee receiving a pension from the State Retirement System, the pension could be lost or diminished. Also, in the event of an accident involving the attorney, a surprising result might occur in the event of the filing of a Workers' Compensation claim by the attorney or a surviving dependent.
Information subsequently furnished to us indicates that the former village attorney annually filed an oath of office. It might be concluded that the village had taken the necessary steps to establish the position as a village office. This raises the question whether the mayor may appoint to fill the office as in the case of a vacancy arising during a term of office under Village Law § 3-312 subd 3 par a; that is, without necessity of approval by the board of trustees.
If it be assumed that the position in Larchmont is a village office, the conclusions heretofore reached are unchanged. Approval is necessary. The term of office expired, no one was appointed, the village attorney held over in office under Public Officers Law § 5 and subsequently had to retire under the compulsion of Retirement and Social Security Law § 70.
The power of the mayor to fill a vacancy under Village Law §3-312 subd 3 never arose. If the former village attorney had been reappointed after expiration of the term and then had resigned that power would have ripened (1976 Op Atty Gen 227 [enclosed]).