PEOPLE *v.* SKROPSKI.

1. CRIMINAL LAW—STATUTORY RAPE—DRUNKENNESS—EVIDENCE.
   On motions of men sentenced for statutory rape to set aside sentences, allow change of plea to not guilty and grant a new trial, defendants' claim that they were too drunk to know what they were doing *held,* unsupported where it appears they drove an automobile, asked the girl to go with them, ostensibly to a resort, drove 11 miles into the country, raped her, drove to town, got a lunch, and returned near the former place and again raped her (Act No. 328, § 520, Pub. Acts 1931).

2. SAME—PLEA OF GUILTY—INDUCEMENT—CONSULTATION WITH AT-
    TORNEY.

> On appeal from denial of motion to set aside sentences for
> statutory rape, allow change of plea to not guilty and grant
> a new trial, claim that cases were hurried through court
> without opportunity to consult an attorney and that plea of
> guilty was made under the assurance of the assistant prose-
> cuting attorney that such would be their best course *held*,
> untenable in view of the elapse of a week between the entry
> of their pleas and sentence during which time their relatives
> and friends had access to them, their statement to the court
> that no inducement to plead guilty had been made to them,
> and investigation made at request of court who was fully in-
> formed thereby as to their characters (Act No. 328, § 520, Pub.
> Acts 1931).

3. RAPE—STATUTORY RAPE—SENTENCE.

> Sentences of 12 to 25 years, 5 to 15 years, and 25 to 30 years,
> respectively, to three defendants who pleaded guilty to statu-
> tory rape, being within permissible penalty provided by statute,
> *held*, not excessive under evidence showing girl to have been
> raped six times and to have received a black eye in the
> course of her resistance (Act No. 328, § 520, Pub. Acts 1931).

Appeal from Macomb; Reid (Neil E.), J. Sub-
mitted January 11, 1940. (Docket No. 118, Calendar
No. 40,504.) Decided March 15, 1940.

Alfred Skropski, Elmer Rieck and Harvey Van
Horn were convicted of statutory rape. On motions
to set aside pleas of guilty and grant new trial.
Motions denied. Affirmed.

*John W. L. Hicks,* for appellants.

*Thomas Read,* Attorney General, and *Ivan A.
Johnston,* Prosecuting Attorney, for the people.

WIEST, J. Alfred Skropski, aged 22 years, Elmer
Rieck, aged 25 years, and Harvey Van Horn, aged
18 years, upon arraignment in the circuit court,
pleaded guilty to the crime of statutory rape (un-
lawfully and carnally knowing and abusing a female

under the full age of 16 years, Act No. 328, § 520,
Pub. Acts 1931 [Stat. Ann. § 28.788]). Skropski was
sentenced to a term of not more than 25 years, and
not less than 12 years; Rieck to a term of 5 to 15
years, and Van Horn from 25 to 30 years. After
sentence, and during imprisonment thereunder, de-
fendants moved the court to set the sentences aside,
allow them to change their pleas to not guilty, and
grant them a new trial. The court denied the mo-
tions, and defendants appeal.

The circuit judge examined into their cases, had
report from the friend of the court, and took proof
as to the age of the girl.

Defendants in their applications make no denial of
their guilt beyond stating that they were too drunk
to know what they were doing. They were not too
drunk to drive an automobile, ask the girl to go with
them, ostensibly, to a resort, and drive 11 miles into
the country and there rape her, then drive to a town,
get a lunch and return near to the former place and
again rape her.

They claim that their cases were hurried through
the court without opportunity to consult an attorney
and that they pleaded guilty under the assurance of
the assistant prosecuting attorney that such would
be their best course.

A week elapsed between the entry of their pleas
and sentence; their relatives and friends had access
to them and, when they pleaded guilty, they stated to
the court that no inducement to do so had been held
out to them, and they did so because they were guilty.
Before sentence the court had an investigation made
and was fully informed as to their characters.

In the motions it is claimed that the sentences
were excessive. For their crimes the statute at-
taches the penalty of life imprisonment or any term
of years.

Decency forbids placing the details of their offense upon the record. We may state, however, that the girl was raped six times, and received a black eye in the course of her resistance, as appears from the confessions made by each of the defendants in open court. The sentences, without knowledge of the full details of the crime, may appear to have been severe, but sentences authorized by statute do not call for vacation by this court.

In denying the motions the circuit judge stated:

"It is further the finding of this court that no false assurance, or any assurance whatever, was made by any of the prosecuting officers, and none made by Mr. Nunneley, to bring about, or, rather, that would tend in any way to bring about the plea. No assurance of lenient treatment or escape from punishment in any degree was made by Mr. Nunneley. The court is convinced none such were made at all. I talked quite freely with the three young men and I am sure from their statements no such assurance was given them by Mr. Nunneley, as is now claimed by them in their motion—no such assurance was given them. Therefore the statements, in view of all the matters connected with them, are considered by the court to have been voluntarily and properly made. Their pleas were voluntary, were properly entered. They sought no advice of counsel, although privately the court asked each of them whether they wanted a lawyer. Two reputable attorneys of this bar consulted with the court—Senator Matthews and Mr. Gage—and separately reported to the court concerning Mr. Rieck who had consulted with them, as they said. They were assured all matters and statements for leniency or anything affecting the status of the case would be received by the court."

The motions were properly denied and, no ground for our interference with the action of the circuit judge being made to appear, we affirm.

Our attention is called to the fact that defendant Rieck has died in prison. We note the fact.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, McALLISTER, and BUTZEL, JJ., concurred.