THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* FREDERICK SMITH, Defendant.

County Court, Kings County, December 5, 1951.

*Miles F. McDonald, District Attorney (William I. Siegel* of counsel), for plaintiff.

*Nathan R. Schor* for defendant.

Sobel, J. This is a proceeding in the nature of *coram nobis.* A hearing has been held at which time the defendant and his counsel asserted that no factual issue was raised. The defendant relies solely on the question of law presented.

The defendant was indicted for the crimes of grand larceny in the second degree and for criminally receiving the same property. He was found guilty of both crimes by a jury. On January 12, 1934, he was sentenced for *both* crimes to the penitentiary. No appeal was taken.

Since his conviction aforesaid, he was sentenced as a second felony offender in another county. If successful in this proceeding, he must be resentenced for the subsequent crime as a first offender.

There is no doubt that a defendant cannot be guilty of stealing and receiving the same property. Whatever uncertainty existed on that score has been settled by the decision in *People* v. *Daghita* (301 N. Y. 223).

The defendant contends that such a conviction is absolutely void and therefore a violation of due process. The People contend that this is a mistake of law reviewable on appeal but not by *coram nobis.*

In *People ex rel. Wachowicz* v. *Martin* (293 N. Y. 361) the defendant pleaded guilty to attempted grand larceny under an indictment charging him with receiving stolen property. He challenged the conviction on habeas corpus contending that larceny is not " necessarily included " in receiving. Chief Judge Lehman stated (pp. 365-366): " In the judicial proceeding then pending the court was called upon to decide the question of law whether the commission of the crime of grand larceny is ' necessarily included in that with which he [the relator] is charged in the indictment. ' The crime of grand larceny is not necessarily included, for some essential elements of that crime are not essential elements in the crime charged, and the facts alleged in the indictment, though sufficient to constitute the crime charged therein, would not be sufficient to constitute the crime of grand larceny. An analogous question is presented where a defendant moves for arrest of judgment ' on a plea or verdict of guilty ' on the ground that the facts stated in the indictment do not constitute a crime. (Code Crim. Pro., §§ 331, 467.) Error there may be corrected by appeal, but the judgment

entered upon an erroneous determination of a question of law by a court of competent jurisdiction is not a nullity, and may not be challenged by a writ of habeas corpus.''

A similar situation was presented in *Matter of Lyons* v. *Fisher* (297 N. Y. 617). There too, the defendant pleaded to attempted grand larceny under an indictment charging him with receiving. Later upon his conviction of another felony, he was sentenced on the basis of his grand larceny plea as a second felony offender. He brought *coram nobis* proceedings to vacate the earlier judgment. When the court indicated it would grant such application, a writ of prohibition was sought. The memorandum prepared from appeal papers before the Court of Appeals in sustaining the writ read: '' In sustaining the order of prohibition and holding that the situation did not call for the application of the remedy afforded by *coram nobis*, which it stated was available only to correct an error of fact, the Appellate Division said: ' Here the appellant seeks to avoid a penalty placed on him by an error in law and not one of fact. Substantial errors of law prejudicial to a defendant may be corrected on appeal '.''

In *People* v. *Sadness* (300 N. Y. 69, 73-74) the court stated: '' On the other hand, a word should be said as to the availability of the remedy of a writ of *coram nobis* in a situation of this sort. As we have recently pointed out, it is available whenever a plea of guilty has been induced by fraud or misrepresentation (*Matter of Lyons* v. *Goldstein*, 290 N. Y. 19), or where a conviction has been obtained by the use of testimony known by the prosecutor to be perjured (*Matter of Morhous* v. *New York Supreme Court*, 293 N. Y. 131), or where the court has failed to advise the prisoner of his right to counsel and to inquire if he desired counsel (*Matter of Bojinoff* v. *People*, 299 N. Y. 145; *People* v. *Koch*, 299 N. Y. 378; *Matter of Hogan* v. *Court of General Sessions*, 296 N. Y. 1), all of which involve the abrogation — without adequate remedy — of fundamental precepts either going to the jurisdiction of the court or resulting in the perpetration of a fraud upon the court. We have also indicated that where an error of law appears on the face of the record *coram nobis* is not available (*People* v. *Gersewitz*, 294 N. Y. 163, 167), and that the proper procedure to be adopted by a petitioner for the correction of such an error must be limited to the normal appeal, motion in arrest of judgment, or motion to withdraw a plea (*Paterno* v. *Lyons*, 334 U. S. 314; *People ex rel. Wachowicz* v. *Martin*, 293 N. Y. 361).''

The common-law writ of *coram nobis* has, under the Federal practice, been codified. (U. S. Code, Tit. 28, § 2255.) The new section is declaratory of existing law. (See Revisers' Note to § 2255.) The extent of the Federal courts' jurisdiction and authority has been described in *Howell* v. *United States* (172 F. 2d 213, 215) by Chief Judge PARKER, the Judicial Consultant of the Judicial Conference Committee, which proposed section 2255: " It is elementary that neither habeas corpus nor motion in the nature of application for writ of error coram nobis can be availed of in lieu of writ of error or appeal, to correct errors committed in the course of a trial, even though such errors relate to constitutional rights. It is only when there has been the denial of the substance of a fair trial that the validity of the proceedings may be thus collaterally attacked or questioned by motion in the nature of petition for writ of error coram nobis or under 28 U. S. C. A. 2255."

It is obvious, from a review of the decisions in this State and in the Federal courts, that the remedy of *coram nobis* does not lie to review a jury's determination of the facts. Nor does it lie to correct errors or erroneous rulings of law made in the course of the trial.

It has been held to apply when there has been— (a) a denial of the right to counsel; (b) the assistance of counsel was such " as to shock the conscience of the Court and make the proceedings a farce and mockery of justice " (*United States* v. *Wight,* 176 F. 2d 376, 379); (c) a plea of guilty entered as a result of coercion or deception by the court or prosecutor; (d) the prosecution has knowingly used false testimony to secure a conviction (*Mooney* v. *Holohan,* 294 U. S. 103), or (e) the prosecution has knowingly caused exculpatory evidence to be suppressed. (*Matter of Curtis,* 36 F. Supp. 408.)

There may be other cases where *coram nobis* will lie. It is clear however, that fundamentally its scope is limited to situations where the defendant has virtually been deprived of " due process " under the standards of justice required by our State and Federal Constitutions.

This is not such a case. Motion is denied.