THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HUGH V. BLAIR, Appellant.

County Court, Rockland County, November 18, 1952.

*Selman & Frey* for appellant.

*John F. Skahen, District Attorney,* for respondent.

HENION, J. This is an appeal from a determination of Hon. JOHN H. BORGER, Justice of the Peace of the Town of Orangetown, denying an application in the nature of a *coram nobis* proceeding for an order vacating and setting aside the judgment of conviction rendered in the Court of Special Sessions on January 2, 1948, convicting the defendant of the crime of assault in the third degree. It appears that the defendant appealed to

the County Court from the said judgment of conviction and the County Court denied the appeal and affirmed the judgment of conviction, and that thereafter, an application for a certificate of reasonable doubt was argued before the Court of Appeals and was denied. It further appears that the defendant served the term of imprisonment imposed by the judgment.

In this *coram nobis* proceeding the defendant attacks the sufficiency of the information made in the lower court and claims that the defendant's plea of guilty to such information was a nullity.

The present application is not one that comes within the framework appropriate to applications for a writ of error *coram nobis*. It is the well-settled rule as formulated by the highest court of this State, that where an error of law appears on the face of the record, *coram nobis* is not available. (*People v. Sadness*, 300 N. Y. 69. See, also, *People v. Smith*, 202 Misc. 694; *People v. Erhart*, 197 Misc. 380; *People v. Kendricks*, 190 Misc. 1058, affd. 273 App. Div. 998, affd. 300 N. Y. 544; *People v. Guber*, 201 Misc. 852, and *People v. Herzka*, N. Y. L. J., Jan. 17, 1951, p. 210, col. 5.) Even assuming that there were merit to the defendant's present contention, the defendant cannot attack the validity of the information by way of an application in the nature of a writ of *coram nobis*. (*People v. Sadness, supra; People v. Herzka, supra; People v. Erhart, supra*.)

The determination of the Justice of the Peace is affirmed.

Submit order.