John J. Walsh, J.
The defendant now serving a sentence in prison upon a judgment of conviction entered after a jury trial in this court in 1957 on a charge of rape in the first degree, petitions for a writ of error coram nobis.
*252 The allegations set forth in his petition are as follows :
(a) That subsequent to his arrest he was arraigned before a Justice of the Peace who failed to advise petitioner of a right to counsel or any of his other constitutional rights which he was entitled to upon his arraignment.
(b) That the Justice of the Peace did not advise petitioner that he had a right to a hearing upon the charges and that he never waived his right to a hearing.
(c) That the confession signed by the petitioner was obtained through coercion and brutality and that it was error for the trial court to admit the confession into evidence on the trial.
(d) That his conviction after trial was against the weight of evidence.
The People have submitted answering affidavits by the State Police officer who obtained the confession denying that the said confession was coerced in any way; by the Justice of the Peace to the effect that defendant was properly arraigned and informed of all of his rights; together with a copy of the Justice’s docket book notations.
None of the allegations in the defendant’s petition are grounds for a hearing on a petition for a writ of error coram nobis.
It has been held many times that any irregularity in the arraigning court prior to indictment and trial is not grounds for sustaining such a writ.
In respect of the alleged confession the petitioner acknowledges in his petition that the question of the voluntary or involuntary nature of the confession was left to the jury by the court. In fact, on page 5 of the petition, defendant contends that the basis of his argument is not that it was improperly left to the jury £ £ but because the statement had been taken under circumstances he considers contrary to basic safeguards designed to assure a fair trial.”
No case appears to decide that where a defendant, who has had the benefit of a trial, was adequately represented by counsel, found guilty and then after his time to appeal had expired was granted a hearing upon the ground that his confession was coerced. (See People v. Perez, 300 N. Y. 208, 216; People v. Leyra, 302 N. Y. 353, 364; People v. Caminito, 3 N Y 2d 596, 601.)
The defendant’s allegation in his petition that his conviction was against the weight of evidence has never been a ground for the issuance of a writ of error coram nobis. (People v. Smith, 202 Misc. 694; People v. De Groat, 13 A D 2d 557.) The petition is in all respects denied. No issue of fact requiring a hearing appears.