Thomas Dickens, J.
Boiled down to its legal level, this coram nobis petition, consisting of 37 typewritten sheets of legal cap and relating a prolix and effusive story of alleged events, contains, at most, the following issues raised for worthwhile judicial review: (1) illegal arrest; (2) illegal detention: (3) illegal search and seizure; (4) confession induced; and (5) guilty plea coerced.
Before, however, delving into a discussion of these questions, I make note here that defendant had, throughout the case, been *223 represented by five attorneys, four of them assigned by the court, and the fifth, J. D. G. Murray, permitted by the court to appear as a family choice.
The grievances considered seriatim are disposed of as follows, keeping in mind the plea of guilty:
1. Illegal arrest is outside the realm of coram nobis relief. (People v. Fairfield, 16 A D 2d 992. See, also, Plummer v. United States, 260 F. 2d 729.)
2. Illegal detention is also outside the realm. (People v. Sandes, 9 Misc 2d 138. See, also, People v. Tyson, 6 Misc 2d 722.)
3. Illegal search and seizure has no place in coram nobis as a measure for relief after a plea of guilty and when a defendant has counsel. (People v. Williams, 33 Misc 2d 538.)
4. The voluntariness of a confession is a point to be raised at the trial; a plea of guilty waives the question of its legality. (People v. Nicholson, 11 N Y 2d 1067. See, also, People v. Moore, 33 Misc 2d 251; People v. De Barros, 1 A D 2d 845; People v. Brandau, 17 Misc 2d 830; People v. Roberts, 29 Misc 2d 621.)
5. In connection with this grievance, I quote defendant’s own words (petition, p. 28 bottom): “ the suggestion of petitioner’s plea came solely through the efforts of the petitioner’s misrepresentation of council or through the concern of his Father ’ ’. (Emphasis supplied.) Misrepresentations by counsel, including the use of trickery and bad faith, cannot affect the judgment entered on a guilty plea. (People v. Robertson, 35 Misc 2d 166. See, also, People v. Elfe, 34 Misc 2d 206; People v. Meyers, 16 A D 2d 704; People v. Saladak, 15 Misc 2d 506.)
No corrobative affidavit was submitted either from any one of the attorneys or from defendant’s father. (See People v. Portner, 34 Misc 2d 769.)
All and sundry, the allegations of the petition do not contain the quality of facts necessary to warrant this kind of relief; therefore, the motion is denied in its entirety. Motion denied.