## PEOPLE v. WALLS.

1. CRIMINAL LAW—WITHDRAWAL OF PLEA OF GUILTY—PROMISES.
    Plea of guilty may be withdrawn when it is established by evidence that such plea was induced by an unfulfilled promise of leniency made by a judge or a prosecutor.

2. SAME—PLEA OF GUILTY—VOLUNTARINESS—ERRONEOUS ADVICE OF COUNSEL.
    Erroneous advice of counsel as to nature of penalty for offense charged is not sufficient to vitiate a plea of guilty as involun-

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 4]  21 Am Jur 2d, Criminal Law § 505.
[3]  21 Am Jur 2d, Criminal Law §§ 504, 506.
    Right to withdraw plea of guilty, 20 ALR 1445, 66 ALR 628.
    Withdrawal of plea of guilty and substitution of plea of not guilty after conviction.  146 ALR 1430.

· tary, nor does such advice which caused defendant to plead guilty to another offense entitle him to a new trial upon conviction of the other offense.

3. SAME—WITHDRAWAL OF GUILTY PLEA AFTER SENTENCE—DISCRETION OF COURT.
   Withdrawal of guilty plea rests within the sound discretion of trial court after sentence has been imposed.

4. SAME—PLEA OF GUILTY—PROMISES OF PROBATION—GROSS INDECENCY. .
   Defendant's contention that he pleaded guilty to offense of gross indecency between a male and female on the promise that he would get probation *held*, not supported by record which indicates that plea of guilty was voluntary (CLS 1961, § 750-.338b).

Appeal from Recorder's Court; O'Hara (John P.), J. Submitted Division 1 March 10, 1966, at Detroit. (Docket No. 685.) Decided May 11, 1966.

Willie Walls was convicted of gross indecency between a male and female person. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *Samuel H. Olsen*, Prosecuting Attorney, *Samuel J. Torina*, Chief Appellate Lawyer, and *Luvenia D. Dockett*, Assistant Prosecuting Attorney, for the people.

*Sanford Rosenthal*, for defendant.

LESINSKI, C. J. On May 5, 1964, examination was held in recorder's court on a complaint filed and issued on April 27, 1964, charging the defendant with assault with intent to rape a female under the age of 16. At the examination, defendant was represented by counsel, at the conclusion of which defendant was held for trial and bond was set.

On June 3, 1964, defendant was arraigned on the information. Defendant stood mute, and the court entered a plea of not guilty. Thereafter, defendant, represented by a court-appointed attorney, appeared for trial on June 29, 1964. Defendant, through his court-appointed attorney, advised the court that he wished to withdraw his plea of not guilty to the charge of assault with intent to rape and enter a plea of guilty to a charge of gross indecency between a male and female pursuant to CLS 1961, § 750.338 (b) (Stat Ann 1954 Rev § 28.570[2]). After the required examination to determine if the plea of guilty was freely and voluntarily rendered by defendant, the court accepted the plea as offered and ordered the case referred to the probation department and psychiatric clinic for investigation and report.

Defendant, in open court on July 13, 1964, was sentenced to the State prison of Southern Michigan for a term of not less than 2–1/2 and not more than 5 years.

Defendant, through his present attorney appointed to process the appeal, timely filed his claim of appeal asking this Court to review the conviction in the trial court. This cause was remanded to the trial court for filing of a delayed motion for a new trial. Defendant then filed a delayed motion for a withdrawal of the plea of guilty, vacating of the conviction and sentence, and for a new trial. Defendant's motion was predicated upon an alleged promise by his court-appointed trial attorney that if defendant pleaded guilty to gross indecency the attorney would see to it that the defendant only "got probation." The alleged promise by his attorney was supported by affidavits from defendant, his wife, and from two inmates of the State prison of Southern Michigan who claimed they were present in the detention area of recorder's court along with the de-

fendant and heard the assurance of the attorney. The motion was denied by the trial court. The case is now before us for a review of the denial.

Defendant claims that the alleged promise of probation by his trial attorney was acquiesced to or agreed to by the assistant prosecuting attorney. It is therefore maintained by the defendant that since the promise was not kept, he should be allowed to withdraw the plea of guilty and be granted a new trial.

It is a settled proposition of law in this State that the courts will permit the withdrawal of a plea of guilty when it is established by evidence that a plea of guilty was induced by an unfulfilled promise of leniency made by a judge or a prosecutor. *In re Valle* (1961), 364 Mich 471.

In the instant case, however, the record is totally void of proofs of any bargain entered into by the assistant prosecutor. The affidavit of defendant labeled "exhibit A" only states that defendant's trial attorney "had talked it over with someone." More proofs than provided by this record must be shown to convince us that such an agreement was in fact entered into by one of our public officials. *In re Valle, supra.*

It is also contended by defendant that a promise of leniency or probation by his attorney if he pleaded guilty to gross indecency would be sufficient to vitiate the plea as involuntary when he was in fact sentenced to a 2-1/2 to 5 year term as a result of such a plea.

The position of the great majority of jurisdictions is that bad advice or inaccurate representation by an accused's own counsel as to the consequences of a plea of guilty is not sufficient to vitiate a plea of guilty as involuntary. 22 CJS, Criminal Law, § 423 (5), p 1186. See also, *United States* v. *Horton* (CCA

2, 1964), 334 F2d 153; *People* v. *Evans* (1960), 185 Cal App 2d 331 (8 Cal Rptr 410), certiorari denied, 366 US 931 (81 S Ct 1653, 6 L ed 2d 390); *People* v. *Miller* (1962), 36 Misc 2d 222 (232 NYS2d 387); *Commonwealth, ex rel. Mercer,* v. *Banmiller* (1960), 193 Pa Super 411 (165 A2d 121), certiorari denied, 366 US 968 (81 S Ct 1931, 6 L ed 2d 1258); *State* v. *Sawyer* (1963), 62 Wash 2d 1 (380 P2d 726).

The Supreme Court of this State has also held that erroneous advice of a defendant's attorney as to the nature of penalty for the offense charged, which caused the defendant to plead guilty to another offense, does not entitle the defendant to a new trial upon conviction. *People* v. *Goldman* (1929), 245 Mich 578.

We have always followed the rule that after sentence has been imposed, the withdrawal of a plea of guilty rests in the sound discretion of the trial court. *People* v. *Crane* (1949), 323 Mich 646; *People* v. *Vasquez* (1942), 303 Mich 340; *People* v. *Skropski* (1940), 292 Mich 461.

The record clearly shows that defendant's plea of guilty was voluntary. We find no abuse of discretion by the trial court in denying defendant's motion. The conviction is affirmed.

T. G. Kavanagh and Watts, JJ., concurred.