## PEOPLE *v.* BARNES.

1. CRIMINAL LAW—ARRAIGNMENT—APPOINTMENT OF COUNSEL—COURT RULES.

  Statement by court to criminal defendant that he was entitled to court appointed counsel if he was financially unable to hire his own "upon a proper showing to the court", *held*, not to violate the court rule requiring the trial court to indicate that defendant was absolutely entitled to assigned counsel if he was financially unable to secure private counsel (Court Rule No 35A [1945]).

_____

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 21 Am Jur 2d, Criminal Law §§ 317–319.
[3] 21 Am Jur 2d, Criminal Law § 486.
[4] 21 Am Jur 2d, Criminal Law §§ 486, 487.

2. SAME—ARRAIGNMENT—APPOINTMENT OF COUNSEL.

Question by trial court to criminal defendant at arraignment, "with that explanation of your rights, what do you wish to do?" after explanation of right to counsel, of crime charged, of maximum possible penalty, of right to jury trial, and of right to plead guilty or not guilty, *held*, not a denial of the opportunity to request counsel because there was ample opportunity to make such request.

3. SAME—PLEA OF GUILTY—APPEAL AND ERROR.

The trial court is best equipped to rule on whether or not a plea of guilty was induced by promises claimed to be made to the defendant by one of the officers when the trial court held an evidentiary hearing on this matter and had opportunity to observe the demeanor of the conflicting witnesses and determine their credibility.

4. SAME—PLEA OF GUILTY.

Defendant's guilty plea was understandingly made when defendant was handed a copy of the information charging breaking and entering in the nighttime and it was read to him, the court explained that by pleading guilty defendant admitted performing the unlawful act charged, and defendant was asked if he was pleading guilty because he did in fact perform the unlawful act charged (CL 1948, § 750.110).

Appeal from Berrien; Zick (Karl F.), J. Submitted Division 3 December 7, 1967, at Grand Rapids. (Docket No. 2,828.) Decided May 28, 1968.

J. B. Barnes was convicted of breaking and entering in the nighttime on his plea of guilty. Defendant appeals. Affirmed.

*Frank J. Kelley*, Attorney General, *Robert A. Derengoski*, Solicitor General, *John T. Hammond*, Prosecuting Attorney, and *Harry J. Creager*, Assistant Prosecuting Attorney, for the people.

*Bruce C. Conybeare*, for defendant on appeal.

J. H. GILLIS, J.   Defendant J. B. Barnes, by his plea of guilty on February 10, 1961, was convicted of breaking and entering in the nighttime.[1]   Two weeks later the defendant was sentenced to serve 1 1/2 to 15 years in the State Prison of Southern Michigan.

The following excerpts are taken from the record made at the time the defendant's guilty plea was accepted by the trial court:

*"Mr. Boothby [Prosecuting Attorney]:*   *   *   * You are J. B. Barnes?*

*"Defendant: Yes.*

*"Mr Boothby: Are you represented by an attorney?*

*"Defendant: No.*

*"Mr. Boothby: Can you read and write?*

*"Defendant: Yes, sir.*

*"Mr. Boothby: How much education have you had?*

*"Defendant: 8th grade.*

*"Mr. Boothby: How old are you?*

*"Defendant: 35.*

*"Mr. Boothby: I will hand you a copy of the information, which has been filed against you, and I'm going to ask you to read along with me as I read it.*

*"(Information read—not taken.)*   *   *   *

*"The Court:*   *   *   * *Mr. Barnes, the document you hold in your hands is a copy of the information filed against you, charging you with breaking and entering in the night time with intent to commit a larceny.  Do you understand the charge?*

*"Defendant: Yes, sir.*

*"The Court: Now, it is the court's duty to advise you that if that offense is established, it carries a*

---

[1] CL 1948, § 750.110 (Stat Ann 1962 Rev § 28.305).  Subsequent amendment to this section is not material here (as amended by PA 1964 No 133 [Stat Ann 1968 Cum Supp § 28.305]).

maximum penalty of 15 years in prison. That is the maximum. Do you understand that?

"*Defendant:* Yes.

"*The Court:* In connection with the charge, it is the court's duty to advise you that you are entitled to have a jury trial if you want one and entitled to be represented by counsel, counsel of your own choosing if you can afford counsel, or counsel appointed by the court for you if you still want counsel and can't afford counsel, upon a proper showing to the court. Do you understand that?

"*Defendant:* Yes, sir.

"*The Court:* Now of course, Mr. Barnes, you also have a right to plead guilty or not guilty, as the case may be, to this charge. With that explanation of your rights, what do you wish to do?

"*Defendant:* I plead guilty, sir.

"*The Court:* You understand the colloquy between the court and counsel; and before I accept your plea, I must ask you some questions. By offering your plea of guilty, obviously, you are admitting you were one of the men, or that you broke into Point of the Woods Country Club with intent to commit larceny?

"*Defendant:* Yes, sir. * * *

"*The Court:* All right, Mr. Barnes; now, do I understand that you are pleading guilty because you know you did on the 16th of October, 1960 commit this crime of breaking and entering in the night time?

"*Defendant:* Yes, sir.

"*The Court:* And you know it will be necessary to impose a penalty somewhat within the limitations I have stated?

"*Defendant:* Yes, sir.

"*The Court:* Has anyone used any force or fraud or tricks or threats or intimidations of any kind to get you to plead guilty to this charge?

"*Defendant:* No, sir.

"*The Court:* Has anyone made any promises or held out any inducements to get you to plead guilty?

"*Defendant:* No, sir.

"*The Court:* Do I understand that you are pleading guilty because you know you are guilty and know you will have to be punished for the offense?

"*Defendant:* Yes, sir."

On November 1, 1965, pursuant to the defendant's petition, the circuit court appointed counsel; a delayed motion for new trial was later filed, heard and denied. Following this Court's grant of application for delayed appeal, the defendant raised these issues for determination: (1) did the trial court err in advising defendant he was entitled to court-appointed counsel if he was financially unable to hire his own "upon a proper showing to the court"; (2) was the defendant denied an opportunity to assert his right to court-appointed counsel; (3) was the defendant's plea induced by promises of leniency and probation; (4) was the defendant's plea understandingly made?

On the first issue defendant relies on *People* v. *Cairns* (1966), 4 Mich App 633, and contends that under the then existing court rules,[2] the court was required to indicate that he was absolutely entitled to assigned counsel if he was financially unable to secure private counsel. The language which was found objectionable in *Cairns* was: "I inform you that if you are not financially able to hire a lawyer, the court *can* appoint one at the county's expense to advise you." (Emphasis supplied.) The word "can," with its implication of an option, does not appear in the material portion of this record. An examination of the transcript in the instant case shows that the court advised him that he was "entitled" to counsel. This surely would not indicate

[2] Court Rule No 35A (1945), whose relevant part is identical to GCR 1963, 785.3(2).

to the defendant that if he was financially unable, the court *in its discretion* could appoint counsel. The reference to a "proper showing" does not indicate that the court had an option not to appoint counsel if defendant were financially unable to retain a lawyer. The apparent meaning is that, once the fact of financial inability is shown, the court *would* appoint counsel.

On the second issue, the court did not deny the defendant an opportunity to request counsel. After fully explaining defendant's rights, the court did not require him to enter a plea immediately but stated instead, "With that explanation of your rights, what do you wish to do?" Defendant had ample opportunity at this point in the proceedings to request counsel.

Third, the record of the proceedings at the time the plea was accepted by the court would indicate that the plea was not induced by promise of leniency and probation. Moreover, an evidentiary hearing was conducted by the trial court following the defendant's filing of delayed motion for a new trial. Although the defendant took the stand and testified that he was promised probation by one of the officers, this same officer testified and stated that he did not promise the defendant that he would receive probation upon a plea of guilty. The trial court made a finding after this hearing that there were no promises made by the officers to the defendant and denied the delayed motion for new trial. The trial court, having observed the demeanor of the witnesses on the stand, was better able to determine the credibility of the witnesses and to reconcile the conflicting testimony.

The final issue raised, that the defendant's plea was not understandingly made, is without merit. The defendant was handed a copy of the information which was then read to him. Additionally, the court

explained to the defendant that by offering his plea of guilty he was admitting that he broke into this establishment with intent to commit larceny. The defendant was subsequently asked if he was pleading guilty because he in fact did on October 16, 1960 commit the crime of breaking and entering in the nighttime. This meets the requirements of the applicable court rule, and on this point is controlled by *People* v. *Steele* (1966), 4 Mich App 352.

Affirmed.

HOLBROOK, P. J., and BURNS, J., concurred.