PEOPLE *v.* DRAIN

CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

> Denial of defendant's motion to withdraw his guilty plea was not prejudicial error where the plea transcript and the subsequent evidentiary hearing held to determine whether defendant's plea was induced by promises of leniency showed that the trial judge, pursuant to court rule and statutory requirements, had fully advised defendant of the consequences of his plea, had queried defendant concerning any promises of leniency, and defendant had unqualifiedly stated that he had not been promised leniency by anyone (MCLA § 768.35; GCR 1963, 785.3[2]).

Appeal from Recorder's Court of Detroit, Thomas L. Poindexter, J. Submitted Division 1 March 24, 1970, at Detroit. (Docket No. 5,359.) Decided June 1, 1970.

Ronald C. Drain was convicted, on his plea of guilty, of assault with intent to commit robbery being armed. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*August, Frimet, Goren & Murphy (Richard M. Lustig,* of counsel), for defendant on appeal.

---

REFERENCE FOR POINTS IN HEADNOTE
21 Am Jur 2d, Criminal Law § 504.

Before: V. J. Brennan, P. J., and J. H. Gillis and O'Hara,[*] JJ.

Per Curiam. Defendant Ronald C. Drain pled guilty and was convicted of assault with intent to commit robbery, being armed, contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). Subsequently, defendant appealed his conviction to this Court seeking the granting of a motion to remand cause to the trial court for an evidentiary hearing, which was granted. After an evidentiary hearing, the trial court denied defendant's motion to set aside the guilty plea.

On appeal, defendant contends that his plea of guilty was induced by promises of leniency emanating from his trial counsel. The appellee has filed a motion to affirm the conviction pursuant to GCR 1963, 817.5(3).

Our review of the plea transcript and the evidentiary hearing reveals that no prejudicial error was committed by the trial court and that the requirements of GCR 1963, 785.3(2) and MCLA § 768.35 (Stat Ann 1954 Rev § 28.1058) were satisfied.

The trial court fully advised defendant of the consequences of his plea and queried defendant concerning any promises of leniency. Defendant stated unqualifiedly that he had not been promised leniency by anyone. Later allegations of leniency by defendant therefore, are without merit. *People* v. *Shaffer* (1966), 4 Mich App 192, 195; *People* v. *Gant* (1966), 4 Mich App 671, 675.

It is well settled that withdrawal of a guilty plea after sentence has been imposed rests within the sound discretion of the trial court. *People* v. *Walls*

---

[*] Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

(1966), 3 Mich App 279, 283.   Moreover, it is the trial court who is best equipped to rule on whether or not a plea of guilty was induced by promises of leniency claimed to have been made to the defendant, when the trial court has held an evidentiary hearing on the matter and has had an opportunity to observe the demeanor of the conflicting witnesses and determined their credibility.   *People* v. *Barnes* (1968), 11 Mich App 455, 460.   We find no abuse of discretion in the instant case.   The question presented here on appeal is unsubstantial and requires no argument or formal submission.

The motion to affirm the defendant's conviction is granted.