PEOPLE *v.* CARLTON SMITH. Appeal from Recorder's Court of Detroit, John R. Murphy, J. Submitted Division 1 June 29, 1971, at Lansing. (Docket No. 11609.) Decided July 30, 1971.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*John L. Belanger,* for defendant on appeal.

Before: MCGREGOR, P. J., and BRONSON and DANHOF, JJ.

MEMORANDUM OPINION. This case is submitted on the people's motion to affirm. On October 19, 1970, defendant was convicted, on a plea of guilty, of the crime of assault with intent to rob being armed contrary to MCLA § 750.89 (Stat Ann 1962 Rev § 28.284). On January 18, 1971, he was sentenced to serve 4 to 20 years im-

prisonment. Appellate counsel was obtained and this appeal was filed alleging that the trial court failed to comply with GCR 1963, 785.3(2).

Defendant's first allegation is that the trial court did not adequately establish by direct questioning the defendant's participation in the commission of the crime as required by *People v. Barrows* (1959), 358 Mich 267, 272. Contrary to defendant's allegation, however, the transcript reveals the following:

"*The Court:* What did you do?

"*Mr. Smith:* I robbed a guy with a double barrel shotgun.

"*The Court:* How much did you get?

"*Mr. Smith:* Not too much, somewhere around thirty dollars.

"*The Court:* Where was it at?

"*Mr. Smith:* I was coming out of the apartment and I told him it was a stick-up and I told him that if he did what I told him he wouldn't get hurt.

"*The Court:* Did he get hurt?

"*Mr. Smith:* No he didn't.

"*The Court:* Did he do what you said?

"*Mr. Smith:* He done what I said."

Defendant's second contention is that his plea was induced by promises of probation emanating from his trial counsel. However, the transcript reveals that the trial court fully advised defendant of the consequences of his plea and queried defendant concerning any promises of leniency. Defendant stated unqualifiedly that he had not been promised probation by anyone. Later allegations of leniency by defendant therefore, are without merit. *People* v. *Shaffer* (1966), 4 Mich App 192, 195; *People* v. *Gant* (1966), 4 Mich App 671, 675; *People* v. *Drain* (1970), 24 Mich App 249, 250.

It is therefore manifest that the questions sought to be reviewed, on which decision of this cause depends, are so unsubstantial as to need no argument or formal submission. Accordingly, there being no miscarriage of justice the motion to affirm is granted.