PEOPLE v HALL

OPINION OF THE COURT

1. CRIMINAL LAW—PLEA OF GUILTY—PLEA BARGAINS—DUE PROCESS—
SENTENCE RECOMMENDATIONS—RELIANCE—REASONABLE DOUBT.

Due process requires that any doubt as to whether a defendant
reasonably relied upon a representation by his attorney that
the prosecutor would recommend a certain minimum sentence
as part of a plea bargain must be resolved in favor of the
defendant; the test for review of such a claim is whether the
evidence causes the judge to entertain a reasonable doubt
whether the plea was encouraged by a false promise of leniency
in sentencing.

2. CRIMINAL LAW—PLEA OF GUILTY—SENTENCE RECOMMENDATIONS—
RELIANCE.

A defendant's plea of guilty and sentence of 20 to 40 years should
be reversed where the Court of Appeals is convinced, from the
transcript and affidavits of defendant and defense counsel, that
the defendant was told that the prosecutor would recommend a
10-year minimum sentence, the defendant relied upon that
representation and the prosecutor in fact recommended a 20-
year minimum.

3. CRIMINAL LAW—PLEA OF GUILTY—SENTENCE RECOMMENDATIONS—
COURT RULES.

A sentencing recommendation must be recorded when it is an
element of a plea bargain (GCR 1963, 785.7[2]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 485, 493, 494.

Enforceability of plea agreement or plea entered pursuant thereto,
with prosecuting attorney involving immunity from prosecution
for crimes. 43 ALR3d 281.

[2, 3] 21 Am Jur 2d, Criminal Law §§ 495, 496.

[4] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

Court's duty to advise or admonish accused as to consequences of
plea of guilty, or to determine that he is advised thereof. 97
ALR2d 549.

[5–7] 21 Am Jur 2d, Criminal Law §§ 491, 503–506.

DISSENT BY DANHOF, J.

4. CRIMINAL LAW—PLEA OF GUILTY—ADVICE OF COUNSEL—CONSE-
QUENCES OF PLEA—VOLUNTARINESS OF PLEA.

*Bad advice or inaccurate representation by an accused's own counsel as to the consequences of a plea of guilty is not sufficient to vitiate a plea of guilty as involuntary.*

5. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—JUDGE'S
DISCRETION.

*The withdrawal of a plea of guilty after sentence has been imposed rests in the sound discretion of the trial court.*

6. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA—NON-
COMPLIANCE WITH RULES—MISCARRIAGE OF JUSTICE.

*Absent a showing of violation or denial of constitutional rights, a defendant wishing to withdraw a plea of guilty is obliged to allege in a motion to withdraw the plea such facts as would, if true, substantiate a finding that there was a noncompliance with rules which resulted in a miscarriage of justice.*

7. CRIMINAL LAW—PLEA OF GUILTY—WITHDRAWAL OF PLEA.

*A defendant's motion to withdraw his plea of guilty was properly denied where the defendant stated at the plea-taking proceeding that no promises or inducements had been made to him, at sentencing he stated no circumstances that would affect his sentencing, and at the evidentiary hearing on the motion to withdraw he failed to show that his plea had been involuntary or that denial of his motion would otherwise result in a miscarriage of justice.*

Appeal from Washtenaw, Ross W. Campbell and William F. Ager, Jr., JJ. Submitted February 3, 1976, at Lansing. (Docket No. 21348.) Decided March 23, 1976. Leave to appeal applied for.

Edward D. Hall was convicted, on his plea of guilty, of armed robbery. Defendant's motion to withdraw his plea was denied, and defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William F. Delhey,* Prosecuting Attorney, and *John J. Hensel,* Senior Assistant Prosecuting Attorney, for the people.

*Barbara L. Betsey,* Assistant State Appellate Defender, for defendant.

Before: M. J. Kelly, P. J., and V. J. Brennan and Danhof, JJ.

M. J. Kelly, P. J. Defendant-appellant was charged with and pled guilty to armed robbery, MCLA 750.529; MSA 28.797. He was sentenced to 20 to 40 years and it is the minimum sentence which is the central issue on this appeal. Defendant claimed he was wrongfully induced to plead guilty to the crime charged by a promise conveyed to him by his attorney that the prosecutor would recommend a minimum sentence of 10 years. On December 14, 1973, an evidentiary hearing was held in the trial court on defendant's motion to vacate sentence. The plea and sentence were affirmed. Defendant appeals of right.

We reverse. There is good reason to believe that the defendant relied on the representation that the prosecutor would recommend a minimum sentence of 10 years incarceration. Due process requires that any doubt as to whether or not defendant's reliance was reasonable must be resolved in favor of defendant. *People v Byrd,* 12 Mich App 186, 230; 162 NW2d 777 (1968) (concurring opinion of Levin, J.). See also, *People v Gray,* 29 Mich App 301, 304; 185 NW2d 123 (1970) (concurring opinion of Levin, J.). Our decision is not grounded on the theory that defendant's plea was induced by an unkept promise of the prosecutor. We say only that: "[T]he plea followed a mistaken statement by the defendant's attorney that a concession had been arranged with the * * * prosecutor, without regard to whether the * * * prosecutor led the attorney to make the statement." *People v Byrd, supra,* at p 226, fn 56 (citations omitted).

We follow the test recommended by Justice LEVIN in his *Byrd* opinion for reviewing such claims:

"[T]he test should not be whether the defendant establishes the truth of his claim by a preponderance of the evidence. Rather, his claim should be deemed established, and the plea set aside, if the evidence causes the judge to entertain a reasonable doubt whether the plea was 'encouraged' by a false promise of leniency in sentencing. Under a reasonable doubt standard, the court need not wholly adopt the defendant's story, or wholly reject the attorney's story. He may simply conclude that, on the evidence, he is in doubt, and, the defendant being entitled to the benefit of that doubt, he will set aside the plea and allow the defendant to stand trial." 12 Mich App 229–230. (Fn omitted.)

The record convinces us the defense attorney (counsel on appeal was not the trial attorney) had the impression that he had been told by the prosecutor's office that the prosecutor would recommend a ten-year minimum. He equivocated at the hearing below as to how strongly he characterized the recommendation in his conversations with the defendant, but there is convincing evidence that he was bargaining about minimum sentence. This is not to say that the bargaining was clearly mutual, or to imply any criticism of the prosecutor or any member of his staff. The defense attorney undoubtedly read more into the bargaining sessions than was warranted. Nor do we say that the defendant's testimony, which was unequivocally that he relied on the promise conveyed by his attorney of a guaranteed minimum ten, was anything but self-serving.

The defense attorney had told defendant that sentence was all that he had to bargain about; that he had to plead "on the nose" because the

prosecutor would not take a plea to a lesser of-
fense. Defense counsel testified that he had focused
entirely on the question of minimum sentencing.
He filed an affidavit in which he flatly stated that
he had told appellant that the prosecutor would
recommend a ten-year minimum. His testimony
corroborated the affidavit in part and contradicted
it in part. He also testified that he "believed" that
he told appellant he had no control over what the
judge's ultimate sentence would be.

However this is not a sentence issue. It is a
recommendation issue. This is not a question of
whether or not the judge exercised his discretion
to disregard the prosecutor's recommendation.
This is a question of whether or not the appellant
relied on promises made to him to the effect that
the prosecutor would recommend a ten-year mini-
mum.

On the basis of the entire transcript, the affida-
vits and the inferences drawn from both, it is our
opinion that the defendant was told that the prose-
cutor would recommend a ten-year minimum, that
he relied upon that representation; but the recom-
mendation was, in fact, for a 20-year minimum,
which recommendation was adopted by the trial
court and the defendant sentenced thereon.

One other aspect of this proceeding should be
mentioned. We observe that defense counsel's tes-
timony was somewhat ambivalent. He offered the
explanation that this had been his first time in
Washtenaw County and "things are humming a
little different in Wayne County * * * ". We draw
an inference from that explanation. The inference
is that he thought he made some sort of a shortcut
plea agreement which would have been sufficient
for reliance in Wayne County. There would, of
course, be the further requirement that it be sub

rosa in view of the colloquy at the plea taking, wherein defendant testified no promises were made. Defendant corroborates this surmise (again, of course, it is self-serving) by testifying that the plea taking was a *pro forma* charade, designed only to make a perfect record to satisfy an obscure purpose.

The inference drawn may be incorrect. If it is correct, however, such a shortcut is worthy of condemnation. We remind counsel that when a sentencing recommendation is an element of a plea bargain it must be recorded. GCR 1963, 785.7(2) applies to all 83 counties including Washtenaw and Wayne.

Reversed.

DANHOF, J. *(dissenting).* I vote to affirm.

*People v Walls,* 3 Mich App 279; 142 NW2d 38 (1966), is dispositive of the present case. In *Walls, supra,* the defendant filed a delayed motion for a withdrawal of the plea of guilty, vacation of the conviction and sentence, and for a new trial. The defendant alleged that his trial attorney had promised him that if he pled guilty he would get probation. The allegation was supported by several affidavits. The trial court denied the motion. On appeal, the defendant contended his plea was involuntary because of the promise of probation by his attorney. The Court in *People v Walls, supra,* at 282–283, stated the applicable rules:

"The position of the great majority of jurisdictions is that bad advice or inaccurate representation by an accused's own counsel as to the consequences of a plea of guilty is not sufficient to vitiate a plea of guilty as involuntary. [Citations omitted.]

* * *

"We have always followed the rule that after sen-

tence has been imposed, the withdrawal of a plea of guilty rests in the sound discretion of the trial court. *People v Crane,* 323 Mich 646; 36 NW2d 170 (1949), *People v Vasquez,* 303 Mich 340; 6 NW2d 538 (1942), *People v Skropski,* 292 Mich 461; 290 NW 869 (1940)."

The *Walls* Court found that the record showed the plea was voluntary and that the trial court did not abuse its discretion.

Further, the trial court is in the best position to determine whether or not the plea of guilty was induced by promises of leniency because it can observe the demeanor of the conflicting witnesses in determining their credibility. *People v Drain,* 24 Mich App 249; 180 NW2d 97 (1970).

Finally, *People v Winegar,* 380 Mich 719, 733; 158 NW2d 395 (1968), *cert den,* 395 US 971; 89 S Ct 2107; 23 L Ed 2d 759 (1969), states:

"Absent a showing of violation or denial of constitutional rights, he [the defendant] has the obligation of alleging in a motion to withdraw plea such facts as would, if true, substantiate a finding that there was noncompliance which resulted in a miscarriage of justice."

When the defendant entered his plea of guilty before the trial court on April 13, 1973, he stated on the record and under oath that no promises or inducements had been made to him. When he was sentenced on May 4, 1973, the defendant was given the opportunity to state any circumstances that would affect his sentence. He stated none. At the evidentiary hearing on December 14, 1973, it was incumbent upon the defendant to show that his plea had been involuntary or that denial of his motion would otherwise result in a miscarriage of justice. *People v Winegar, supra.* The defendant

failed to make such a showing. The trial court was in the best position to observe the testimony of the defendant's trial attorney. *People v Drain, supra.* The questionable representations made to the defendant by his attorney were not sufficient to invalidate the defendant's guilty plea. *People v Walls, supra.* Therefore, upon examining the record in this case, I find the defendant's plea was voluntary. Further, the trial court did not abuse its discretion in denying the defendant's motion. No miscarriage of justice will result in allowing the plea conviction and sentence to stand.